Zinovy V. REYTBLATT,
Plaintiff-Appellant,

v.

Harold B. DENTON,
Defendant-Appellee.

No. 87–1201.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 11, 1987.

Decided Feb. 27, 1987.

---

John L. Gubbins, John L. Gubbins & Assoc. Ltd., Chicago, Ill., for plaintiff-appellant.

Linda A. Wawzenski, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for defendant-appellee.

Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.

PER CURIAM.

This is Reytblatt's second effort to appeal from a decision of the district court apparently terminating the litigation adversely to him. We dismissed the first notice of appeal, No. 87–1055, on February 2, 1987, because the district court apparently had not entered judgment. The next day the parties produced a document dated December 30, 1986, but docketed on January 26, 1987, on the form used for the entry of judgment in a civil case. This document is preprinted "IT IS ORDERED AND ADJUDGED", to which the court added: "Insofar as the Court has determined that the defendant is protected by absolute privilege it is unnecessary to determine whether defendant was properly served or whether venue is proper."

The purpose of the separate judgment required by Fed.R.Civ.P. 58 is to let the parties (and the appellate court) know exactly what has been decided and when. The entry of a final judgment under Rule 58 starts the clock for an appeal. But a document that does not dispose of the case does not start the clock. *United States v. F.M. Schaefer Brewing Co.*, 356 U.S. 227, 232–35, 78 S.Ct. 674, 677–79, 2 L.Ed.2d 721 (1958). The "losing" party must appeal in order to guard against the chance that the case is over without knowing what the disposition is, and the appellate court is in a quandary about its ability to decide the case. It is sometimes possible to appeal in advance of the entry of a separate document under Rule 58, *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), but such appeals present nagging questions that should be avoided by adherence to the rule in the first place. Rule 58 is designed to produce clarity, see *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973); *In re Kilgus*, 811 F.2d 1112, at 1116–17 (7th Cir.1987); see also *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 623–24 (7th Cir.1986). An inadequate order undermines the function of the rule.

The final judgment in a case should be complete and self-contained. *Claybrook Drilling Co. v. Divanco, Inc.*, 336 F.2d 697 (10th Cir.1964); Charles Alan Wright & Arthur R. Miller, 11 *Federal Practice and Procedure* § 2785 at 15–16 (1973). See also *Rappaport v. United States*, 557 F.2d 605 (1977) (dismissing an appeal from a minute order that grants a motion for summary judgment but does not explicitly declare the case over); *Foremost Sales Promotions, Inc. v. Director, BATF*, 812 F.2d 1044 (7th Cir.1987) (same); *Murdaugh Volkswagen, Inc. v. First National Bank of South Carolina*, 741 F.2d 41 (4th Cir.1984); *Home Federal Savings & Loan Ass'n v. Republic Insurance Co.*, 405 F.2d

18, 25 (7th Cir.1968). It must set forth the relief to which the prevailing party is entitled or the fact that the plaintiff has been denied all relief. It should not incorporate some other document or contain legal reasoning. A Rule 58 judgment for this case, in which the district judge apparently meant to dismiss the complaint under Fed.R.Civ.P. 12(b)(6), should say: "Defendant's motion to dismiss is granted, and the complaint is dismissed with prejudice." That indicates both the ruling and the disposition—the latter being the more important. See also Official Form 32, appended to the Rules, and the notes to that form. A document stating "Insofar as the court has determined X it need not consider Y" is insufficient. It refers the court back to the opinion, it does not state how "far" the court actually has determined X, it does not state the disposition of the motion, and it does not terminate the case. It contains neither an award of relief nor a declaration that the case is concluded. It is not a final judgment. See also *Glidden*, 808 F.2d at 623.

The parties have not agreed, as *Mallis* allows, that the document entered on January 26 is a "final decision". The appeal is therefore dismissed for want of jurisdiction.