**Patricia A. WILLIAMS, Plaintiff–Appellant,**

v.

**BURLINGTON NORTHERN, INC., Defendant–Appellee.**

No. 86–1616.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 5, 1986.

Decided Oct. 23, 1987.

Rehearing and Rehearing En Banc Denied Nov. 19, 1987.

David A. McGuire, Stone, McGuire & Benjamin, Chicago, Ill., for plaintiff-appellant.

Christopher T. Lutz, Steptoe & Johnson, Washington, D.C., for defendant-appellee.

Before CUDAHY, POSNER and KANNE, Circuit Judges.

KANNE, Circuit Judge.*

Patricia A. Williams appeals the district court's denial of her motion for relief from a consent decree which covered a class action employment discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* Ms. Williams was a member of the plaintiff class below in *E.E.O.C. v. Burlington Northern, Inc.*, cause No. 78 C 269 (N.D. Ill.), M.D.L. 374. That class was certified under Fed.R.Civ.P. 23(b)(2). In February of 1984, the appellant received a notice of entitlement to recover damages in that action. The appellant also received notice of her right to object to the proposed consent decree. The district court appointed a special master to resolve objections to the proposed consent decree. However, Ms. Williams filed no objection. Instead, she submitted a claim form in M.D.L. 374 setting forth at great length her basis for recovery. On April 2, 1984, the consent decree was approved after a final fairness hearing. No appeals were filed regarding the consent decree.

In the meantime, on March 8, 1984, Ms. Williams had filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging discriminatory activi-

---

* The Honorable Michael S. Kanne, was a District Judge for the U.S. District Court, Northern District of Indiana sitting by designation when this appeal was submitted. Prior to this opinion's release he was elevated to Circuit Judge for this Circuit.

ties paralleling those covered in M.D.L. 374. Subsequently in September of 1984 she filed a suit in the United States District Court for the Western District of Tennessee. The defendant, Burlington Northern (BN), filed a motion to dismiss that case on the grounds that the consent decree in M.D.L. 374 resolved her claim. That motion was still pending at the time the briefs were filed in this appeal.

Returning to the Northern District of Illinois, Ms. Williams then filed her motion to be excluded from the class or relieved from judgment in M.D.L. 374. This motion was originally filed February 20, 1985, but it was not properly served until sometime in January, 1986. On March 14, 1986, Judge Leighton denied the appellant's motion. This order was entered on the docket in the District Court Clerk's Office on March 17, 1986. On April 15, 1986, the appellant filed her notice of appeal.

Ms. Williams contends on appeal that the district court abused its discretion when it certified the class in M.D.L. 374 under Rule 23(b)(2). Ms. Williams suggests that the district court should have given her and the other class members the option to be excluded from the class pursuant to Fed.R. Civ.P. 23(d) (as is required of suits certified under Rule 23(b)(3)). In essence, the appellant argues that the monetary relief aspect of M.D.L. 374's consent decree was not properly certified under Rule 23(b)(2). Rather, it should have been certified under Rule 23(b)(3) due to the potentially antagonistic positions of the class members vis-a-vis allocation of the settlement fund.

### I.

■ The appellee contests this court's jurisdiction to hear this appeal. They contend that Ms. Williams filed her notice of appeal thirty-two days after the district court entered its order denying her motion. Thus BN contends that Fed.R.App.P. 4(a)(1) "ousts this court of jurisdiction." Ms. Williams replies that she had sixty days to appeal since an agency of the United States (the Equal Employment Opportunity Commission) was a party to the underlying action.

"It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional,'" *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 62, 103 S.Ct. 400, 404, 74 L.Ed.2d 225 (1982) (citing *Bouder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978)). Thus, if Ms. Williams' notice of appeal was tardy this court is without jurisdiction. We will not address Ms. Williams' argument because the appeal notice was filed within thirty days. Judge Leighton's order dated March 14, 1986 was not entered on the docket in the clerk's office until March 17, 1986. The date of reference for the purpose of time calculation under Fed.R.App.P. 4(a) is the date the order was entered on the docket, not the date the order was signed. *Loy v. Clamme*, 804 F.2d 405, 407 (7th Cir. 1986); *Stelpflug v. Federal Land Bank of St. Paul*, 790 F.2d 47 (7th Cir.1986). In this case Ms. Williams filed her notice of appeal within thirty days of March 17, 1986, and this court has jurisdiction to entertain this appeal.

### II.

■ Initially, we note that there exists a major discrepancy between the arguments Ms. Williams advanced to the district court and the arguments she now presents to this court. Ms. Williams' request for relief in the district court was entitled "Motion of Patricia A. Williams To Be Excluded From The Class Or, In The Alternative, For Relief From Judgment". It is readily apparent from the motion and memoranda in support that she was seeking relief on the basis of "excusable neglect" under either Fed.R.Civ.P. 6(b)(2) or Fed.R.Civ.P. 60(b). Through the application of Rule 6(b)(2) she sought to reopen the class action, withdraw her claim and opt-out as a class member. In the alternative, by use of Rule 60(b), Ms. Williams asked to be relieved of the final judgment in the class action so she could continue her separate action in federal court in Tennessee. In either case the determination of excusable neglect by the district judge was a prerequisite.

In her memorandum in the district court, Ms. Williams acknowledged that before she could be allowed to be excluded from the class or be relieved from judgment she would first have to show excusable neglect. The district judge in his order denying relief properly focused on factors relating to the threshold issue of excusable neglect. He did not address the obviously untimely and pendant assertion of Ms. Williams in her motion—that the named plaintiffs in the class action had interests antagonistic to hers.

Judge Leighton found no excusable neglect. As a result Ms. Williams was deprived of an opportunity to reopen the case and be excluded from the class and she received no relief from the final judgment in the class action.

Now, on appeal, Ms. Williams completely fails to address the issue of excusable neglect under either Rule 6(b)(2) or Rule 60(b). Rather, she focuses her appellate argument on the merits of her claim of a right to opt-out of the class, thus bootstrapping herself over the procedural impediment.

The appellant's argument fails to address the grounds that proved dispositive in the district court. Ms. Williams has not shown that it was error for the district court to find no excusable neglect. Therefore, even if this court were to rule that the class below was certified improperly we still could not order that Ms. Williams be allowed to opt-out. Arguments on appeal must address those issues that were deemed dispositive in the district court. On appeal, parties are not permitted to leap-frog over issues, ignoring adverse rulings on threshold issues and plunging directly into the issues they seek to have reviewed. Here, the appellant simply did not address the basis of the holding in the district court. See *Clark v. Maurer*, 824 F.2d 565, 567 (7th Cir.1987) ("The appeal brief does not confront or contest this dispositive finding...."); *Spiegal v. Continental Illinois National Bank*, 790 F.2d 638, 650 (7th Cir.1986) ("Appellant's brief failed to explain how the district court decision was in error.").

### III.

Assuming for the sake of argument that Ms. Williams had mounted a timely attack against the consent decree before the district court, we can not say that the district judge abused his discretion by not bifurcating the class certification between the equitable and monetary phases of relief in M.D.L. 374.

The plaintiff class was certified under Fed.R.Civ.P. 23(b)(2) which contains no provision for "opting out" unlike class certification under Rule 23(b)(3).[1] While the district court could have certified the relief phase of M.D.L. 374 under Rule 23(b)(3) or specifically provided for opting out under Rule 23(d), it did not.[2] The appellant now suggests to this court that the district court should have treated M.D.L. 374 as a hybrid class action which required Rule 23(b)(2) certification for the equitable relief portion of that suit and then certified the monetary relief portion of that action under Rule 23(b)(3) with its attendant "opt-out" provisions. Appellant cites *Holmes v. Continental Can*, 706 F.2d 1144 (11th Cir. 1983), as support for such bifurcated treatment. While we agree that such two-tiered certification is permissible and perhaps even desirable in certain instances,[3] the safeguards employed by the district court were the functional equivalent of those offered by Rule 23(b)(3).

---

**1.** Rule 23(c)(2) provides that "[i]n any class action maintained under subdivision (b)(3), the court shall ... advise each member that (A) the court will exclude him from the class if he so requests by a specified date".

**2.** Fed.R.Civ.P. 23(d)(2) allows that the court "may make appropriate orders ... (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate to intervene and present claims or defenses, or otherwise to come into the action".

**3.** See, for example, *Allen v. Isaac*, 100 F.R.D. 373, 375–77 (N.D.Ill.1983).

The purpose of the opt-out provision required in Rule 23(c)(2) for classes certified under Rule 23(b)(3) is to ensure constitutionally adequate due process. Of prime concern in an action under Rule 23(b)(3) is the adequacy of representation. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1786 (1986). Here, the district court, while dealing with a class not certified under Rule 23(b)(3), provided the appellant with the equivalent due process protection that would be accorded to a Rule 23(b)(3) class member.

In this case, Judge Leighton gave all class members the opportunity to voice any objections to the proposed settlement. Further, he appointed a special master to deal with any objections to the settlement proposal. Finally, he held a final fairness hearing before he approved the consent decree. Ms. Williams did not avail herself of any of the opportunities presented to her.[4] From a practical standpoint, the opportunities to object in this case were tantamount to the protections envisioned by Fed.R.Civ.P. 23(c)(2). The district court employed measures that provided adequate protection from any potentially antagonistic interest between class members.

Here, the class was adequately represented by counsel, the class members were given notice of opportunity to object to the proposed settlement, the court established a mechanism to hear and resolve any objections, and the court held a final fairness hearing to determine the fairness, adequacy and reasonableness of the consent decree before approving it. Additionally, the appellant had the opportunity (which has long since passed) to have the fairness and adequacy of this consent decree reviewed on appeal. Ms. Williams took advantage of none of these opportunities and she should not now be allowed to mount a belated attack on a constitutionally acceptable consent decree.

### IV.

Ms. Williams has failed to present this court with the threshold issue of excusable neglect which formed the basis of the ruling of the district court. Additionally, we find the procedure employed by the district court gave the appellant the same protection that she would have received if the class were certified under Fed.R.Civ.P. 23(b)(3). Accordingly, we AFFIRM the judgment of the district court.

---

4. This alone distinguishes this case from the *Holmes* case, *supra,* where numerous members did try to opt-out. It also cannot be said that the class members' interests herein were antagonistic. The original fund for compensation was ten million dollars ($10,000,000.00) but the defendants paid over eleven million dollars ($11,-000,000.00) so the pool of funds does not appear to have been fixed in size.