Jesse M. HATCH, Plaintiff–Appellant,

v.

Michael P. LANE, et al.,
Defendants–Appellees.

No. 87–1346.

United States Court of Appeals,
Seventh Circuit.

Submitted June 2, 1988.

Decided Aug. 10, 1988.

Jesse M. Hatch, Menard, Ill., for plaintiff-appellant.

Patricia Rosen, Chief, Civ. Div. Atty. Gen. Office, Chicago, Ill., for defendants-appellees.

Before POSNER, COFFEY, and KANNE, Circuit Judges.

PER CURIAM.

Jesse M. Hatch, incarcerated at the Stateville Correctional Center in Joliet, Illinois, appeals the district court's dismissal of his complaint. We dismiss the appeal for want of appellate jurisdiction.

I.

Jesse M. Hatch filed his complaint pursuant to 42 U.S.C. § 1983, alleging various constitutional violations. On January 21, 1986, all defendants, except James McElhinney and Henry R. Meisels, filed a motion to dismiss. On April 3, 1986, Hatch filed a motion for summary judgment. The district court ruled on these motions on February 4, 1986. The purported judgment read:

Status hearing held. ENTER MEMORANDUM OPINION AND ORDER: The court grants defendants' motion to dismiss and denies plaintiff's motion for summary judgment. Finding the complaint insufficient to state a claim for relief against defendants McElhinney or Meisels, the court, on its own motion, dismisses them pursuant to 28 U.S.C. Sec1915(d) [sic]. The action is therefore dismissed without prejudice to plaintiff's filing within 30 days an amended com-

plaint limited to his claim of denial of eye care.

In its order, the district court concluded that Hatch's claim of inadequate eye care (made under the eighth amendment) could withstand the defendants' motion to dismiss but that Hatch would have to file an amended complaint naming the correct defendant on this claim. As indicated above, the court gave Hatch thirty days to submit his amended complaint. Instead of amending his complaint, Hatch filed his notice of appeal on March 4, 1987. Hatch never filed an amended complaint.

## II.

■ The courts of appeals have jurisdiction over the "final decisions" of the district courts. 28 U.S.C. § 1291. The general rule is, of course, that "[i]f a district court's dismissal leaves a plaintiff free to file an amended complaint, the dismissal is not considered a final appealable order." *Ordower v. Feldman,* 826 F.2d 1569, 1572 (7th Cir.1987). *See Coniston Corp. v. Village of Hoffman Estates,* 844 F.2d 461, 463 (7th Cir.1988); *Benjamin v. United States,* 833 F.2d 669, 672 (7th Cir.1987); *Grantham v. McGraw-Edison Co.,* 444 F.2d 210, 212 (7th Cir.1971); 9 Moore's Federal Practice ¶ 110.08[1] (1986). Here, Hatch was not only free to file an amended complaint, but the district court expressly informed him of the basis for an amended complaint. Clearly, there was no final appealable order. This analysis is reinforced by the fact that the district court indicated that it contemplated further proceedings. Such indications reflect the lack of a final judgment. *See American Interinsurance Exchange v. Occidental Fire & Cas. Co.,* 835 F.2d 157, 158 (7th Cir.1987); *cf. Hickey v. Duffy,* 827 F.2d 234, 238 (7th Cir.1987) (appellate jurisdiction found where "the existing judgment was the last thing the district judge planned to do"). It is readily apparent from the district court's dismissal here that he anticipated further proceedings.

■ We turn next to the jurisdictional implications of the 30–day complaint amendment period. As noted above, the district court did give Hatch a 30–day limit within which to file his amended complaint; that time has, obviously, elapsed. The passage of this period did not, however, convert the district court's nonfinal decision into a final order. A final judgment must be (1) set forth on a separate document and (2) entered on the district court civil docket sheet. Fed.R.Civ.P. 58, *see, Williams v. Burlington Northern, Inc.,* 832 F.2d 100 (7th Cir.1987). A final judgment must meet these two prerequisites before it becomes effective. *Id.* Both of these requirements must be met before a final appealable order comes into being. 9 Moore's Federal Practice ¶ 110.08[2] (1986). This rule is designed to make certain the matter of appealability. *Id.* Adherence to Rule 58 is necessary to let the parties and the appellate court know exactly when a final judgment has been entered. *Reytblatt v. Denton,* 812 F.2d 1042, 1043 (7th Cir.1987). "The entry of a final judgment under Rule 58 starts the clock for an appeal. But a document that does not dispose of the case does not start the clock." *Id.* (citation omitted). Thus, although Hatch's 30 days for amendment of his complaint may have passed, because the requisites of Rule 58 were not met, no final appealable order is before this court.

Finally, we take this opportunity to remind the district courts of the essential role Rule 58 plays in the appellate process. As noted in *Reytblatt,* Rule 58 is designed to produce clarity. 812 F.2d at 1043. It informs the parties and the appellate court what has been decided and when. *Id.* Careful adherence to Rule 58 clearly designates the existence of a final appealable order. *Benjamin,* 833 F.2d at 672.

In this case, the district court "dismissed without prejudice to plaintiff's filing within 30 days an amended complaint limited to his claim of denial of eye care." Setting a time limit in which a plaintiff must amend his complaint is a useful procedure. However, a district court should go one step further; in its dismissal, the court should instruct the clerk to enter judgment, pursuant to Rule 58, if the plaintiff fails to amend his complaint within the specified period:

[A]n order which simply dismisses a complaint with leave to replead is neither final nor appealable. Such a disposition does an injustice to both parties. A plaintiff is entitled to have an appellate court review the sufficiency of the dismissed pleading; a defendant has a legitimate interest in knowing that a dismissed action will not be renewed sometime in the distant future by the filing of an amended complaint. Therefore, the ideal disposition in cases such as these is to grant leave to replead within a specified time period, with a direction to the clerk to enter judgment if no amended complaint is forthcoming. Such an order would safeguard the interest of all the litigants and provide the appellate court a clear basis for determining its finality.

*Elfenbein v. Gulf & Western Indus., Inc.,* 590 F.2d 445, 450 (2d Cir.1978). We recommend this procedure to the district courts.

APPEAL DISMISSED.