878 F.2d 380
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abdul SAIYED, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mohammad SATTAR, Defendant-Appellant.
 No. 88-7068.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 13, 1989.
Decided June 22, 1989.
Rehearing and Rehearing In Banc Denied Aug. 31, 1989.
 
 Abdul Saiyed, Mohammad Sattar, appellants pro se.
 Susan Moss Ringler, Catherine Curtis Blake, Office of the United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 Abdul Saiyed and Mohammad Sattar appeal from separate judgments in the district court which denied their motions to vacate sentence under 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 Saiyed and Sattar were co-defendants who were convicted in a joint trial of conspiracy to import heroin, importation of heroin, conspiracy to distribute heroin and distribution of heroin. Both had participated in the sale of a large amount of heroin to a United States Customs agent; the heroin had been brought into Baltimore on a Pakistani merchant ship. Both the negotiations leading to the sale and the actual delivery of the heroin were tape-recorded by the agent. Shortly after delivery was made, Saiyed and Sattar were arrested.
 
 
 3
 In this motion, Saiyed claims that he was unlawfully arrested and searched, that the prosecution failed to disclose evidence favorable to him, and that his attorneys were ineffective. Our examination of the record indicates that Saiyed's arrest and the search of his person raise no constitutional grounds for relief. A warrant was obtained for the search of Saiyed's overnight bag. The prosecution was under no obligation to call a specific witness who Saiyed claims would have given testimony favorable to him. Finally, Saiyed does not show that his attorneys were ineffective under the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Saiyed received a vigorous defense. In particular, his attorneys were not ineffective in failing to call as a witness a DEA agent from Montreal who Saiyed claimed authorized him to make the sale when there was evidence that Saiyed voluntarily severed his tenuous connection with DEA months before the offense and that DEA policies would not have permitted him to engage in such activity, at least not without close local supervision. Last, his attorneys were not required to raise on appeal every issue Saiyed desired them to raise. Jones v. Barnes, 463 U.S. 745 (1983).
 
 
 4
 We find that Saiyed's motion to vacate was properly denied and that the district court did not abuse its discretion in denying his motions to reconsider.
 
 
 5
 The judgment entered on September 11, 1987, denying relief on Sattar's Sec. 2255 motion was not a final judgment because the district court's memorandum and order of that date reserved judgment on one claim and granted Sattar 30 days to expand the record on that issue by filing an affidavit or a statement under oath. Sattar did neither, but no separate judgment disposing of this claim has been entered. Fed.R.Civ.P. 58; see Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683 (4th Cir.1978); Hatch v. Lane, 854 F.2d 981 (7th Cir.1988). Accordingly, we dismiss Sattar's appeal as interlocutory and return the record to the district court for final disposition of the reserved claim. Sattar may note an appeal as to all issues within 60 days of entry of such an order.
 
 
 6
 We therefore affirm the judgment of the district court in No. 88-7068 and deny the appointment of counsel; we dismiss the appeal in No. 88-7525 for lack of jurisdiction. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 No. 88-7068 AFFIRMED.
 
 
 8
 No. 88-7525 DISMISSED.