**In the Matter of William BEHRENS and Carolyn Behrens, Debtors.**

**Appeal of WOODHAVEN ASSOCIATION.**

**No. 89–1658.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 11, 1989.

Decided April 13, 1990.

Stuart D. Gordon, Moss & Bloomberg, Bolingbrook, Ill., Raymond Costello, Carpentersville, Ill., Steven Bloomberg, George Marchetti, Moss & Bloomberg, Bolingbrook, Ill., for appellant.

David P. Lloyd, Teller, Levit & Silvertrust, Chicago, Ill., Kathy J. Kushnir, Kenneth Mateas, Self & Giampoli, Aurora, Ill., for appellees.

Before BAUER, Chief Judge, FLAUM and MANION, Circuit Judges.

MANION, Circuit Judge.

William and Carolyn Behrens filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code in April 1983. Among the assets the Behrenses included on their schedules was condominium property, a vacation lot in an Illinois development known as Woodhaven. That property was subject to a Declaration of Covenants made by the developer providing, among other things, that the lot's owners must pay periodic assessments when levied by the Woodhaven Association (an association of the development's lot owners which we shall refer to as Woodhaven). In May 1983, the Behrenses' trustee filed a no-asset report in the case. In June 1983, the bankruptcy court granted the Behrenses a discharge. In July 1983, the bankruptcy court closed the case; the court's closing the case resulted in the formal abandonment of the vacation lot to the Behrenses. See 11 U.S.C. § 554(c).

After the bankruptcy case closed, the Behrenses continued to own the vacation lot, although they did not use it or want it. Woodhaven did not want the lot either, but nevertheless levied annual assessments against the lot in 1984, 1985, and 1986, which the Behrenses did not pay. Despite the fact that it knew about the Behrenses' discharge, and despite the fact that a discharge acts as an injunction against enforcing discharged debts against a debtor personally, see 11 U.S.C. § 524(a)(2), Woodhaven sued the Behrenses in Illinois state court to collect the unpaid assessments. The Behrenses defaulted, and the state court entered a judgment for Woodhaven.

Upon learning of the default judgment, the Behrenses filed a motion in the bankruptcy court for a rule to show cause why Woodhaven should not be held in contempt of court for violating the discharge injunction. The bankruptcy court granted the motion and found Woodhaven in contempt of court for violating the discharge injunc-

tion, holding that the post-bankruptcy assessments were pre-petition debts and had been discharged. The court also held that Woodhaven's judgment against the Behrenses was void. As a remedy, the court ordered Woodhaven to take whatever steps were necessary to vacate the judgment and dismiss the state-court suit. The court also found that Woodhaven should pay actual damages and attorneys' fees to the Behrenses. Instead of deciding the amount, however, the court ordered the Behrenses to submit a statement detailing those costs. The court ordered Woodhaven, within fourteen days of being served with the Behrenses' statement, to either pay the requested sum or to file a motion objecting to the amount sought and seeking a hearing on its objections.

The bankruptcy court's memorandum opinion and order was dated July 26, 1988. On August 9, the Behrenses submitted a statement of attorney's fees pursuant to the court's order. There is nothing in the record showing that Woodhaven ever contested that amount. On August 25, Woodhaven initiated its appeal to the district court by filing its notice of appeal in the bankruptcy court. The district court affirmed the bankruptcy court, and Woodhaven filed a timely appeal from that decision.

■ The first and only question we face is whether we have jurisdiction over this appeal. We do not, because the bankruptcy court's judgment was not final. 28 U.S.C. § 158(a) grants the district courts jurisdiction to hear appeals from the bankruptcy courts' final judgments, orders, and decrees. Section 158(a) also grants district courts jurisdiction over interlocutory decisions by bankruptcy courts. 28 U.S.C. § 158(d) grants courts of appeals jurisdiction over appeals from the district courts' final decisions entered under § 158(a). But a district court's decision on appeal from a

bankruptcy court's interlocutory order is generally not regarded as final and appealable in this court; in other words, for this court to have jurisdiction over a bankruptcy appeal under § 158(a), both the district court's and the bankruptcy court's decisions must be final. *In re Morse*, 805 F.2d 262, 264 (7th Cir.1986); *In re Cash Currency Exchange*, 762 F.2d 542, 545 (7th Cir.1985). Accord *In re Empresas Noroeste, Inc.*, 806 F.2d 315, 316–17 (1st Cir. 1986); *In re Ryther*, 799 F.2d 1412, 1414 (9th Cir.1986).[1]

■ The first problem in this case is that the bankruptcy court never set forth its judgment on a separate document as required by Bankruptcy Rule 9021(a), the bankruptcy counterpart to Fed.R.Civ.P. 58. See *In re Kilgus*, 811 F.2d 1112, 1117 (7th Cir.1987). The bankruptcy court's memorandum opinion and order did not meet this requirement: Rule 9021(a), like Rule 58, requires that a court set forth its judgment in a document separate from its opinion. *In re Ozark Restaurant Equip. Co.*, 761 F.2d 481 (8th Cir.1985). The judgment must be self-contained and complete, setting forth the disposition and the relief to which the prevailing party is entitled; and, since the judgment is not an opinion, it should not contain any legal reasoning. See *Reytblatt v. Denton*, 812 F.2d 1042, 1043–44 (7th Cir.1987). It is important that bankruptcy courts apply Rule 9021(a) mechanically. Not to do so causes uncertainty about the running of the time to appeal, and about whether the bankruptcy court's judgment is really final. This uncertainty causes wheels to spin as litigants and reviewing courts spend time sorting out jurisdictional issues which are often more difficult than a case's merits. See *Kilgus*, 811 F.2d at 1117.

While compliance with Bankruptcy Rule 9021(a) is important, the bankruptcy court's failure to comply, in itself, does not defeat

---

1. This is the general rule but exceptions exist. The district court's decision on a bankruptcy court's interlocutory order may leave nothing for the bankruptcy court to do, and thus transform the bankruptcy court's interlocutory order into a final appealable order. For example, if the bankruptcy court denied a motion to dismiss for subject matter jurisdiction (a clearly non-final order) and the district court reversed, the reversal would end the case in the bankruptcy court, and a final appealable order would exist. See *Cash Currency Exchange*, 762 F.2d at 545–46 n. 3. This case does not fall into the exception to the general rule.

our appellate jurisdiction. The Supreme Court has held that parties may waive the separate document requirement, so that a decision may be final even though not set forth on a separate document. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978); see also *Wikoff v. Vanderveld*, 897 F.2d 232 (7th Cir. 1990). Neither Woodhaven nor the Behrenses have complained about the bankruptcy court's failure to set forth judgment on a separate document. But that in itself does not make *Mallis* applicable to this case. For the parties' "waiver" to be effective, the record must objectively show that the bankruptcy court intended to render a final decision. See *C.I.T. Financial Service v. Yeomans*, 710 F.2d 416 (7th Cir. 1983). In this case, the requisite finality does not exist. The bankruptcy court's disposition, even if set out in a separate document, would not be a final judgment.

The bankruptcy court determined that Woodhaven was in contempt of court and liable to the Behrenses for actual damages and attorneys' fees. The court, however, never set the amount of damages or fees. A judgment declaring a defendant liable for damages to a plaintiff but not fixing the amount of damages is not a final judgment. *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976). Likewise, an order awarding attorneys' fees but not fixing the amount is generally not final and appealable. See *Lac Courte Oreilles Chippewa Band v. Wisconsin*, 829 F.2d 601, 603 (7th Cir.1987); *Vandenplas v. City of Muskego*, 797 F.2d 425, 427–28 & n. 1 (7th Cir.1986). There is an exception in this circuit to the general rule regarding attorneys' fees: if the appeal from the order awarding fees can be consolidated with the appeal of the final order in the underlying case, we have held that we may review the decision to award fees with the appeal from the underlying final judgment. *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 826–27 (7th Cir.1984); but see *Becton Dickinson & Co. v. District 65, UAW*, 799 F.2d 57, 61–62 (3rd Cir.1986) (rejecting the exception this circuit has created to the general rule). The exception, however, does not apply in this case. There was no underlying judgment, other than the one holding Woodhaven in contempt and awarding damages and attorneys' fees; in other words, as in *Lac Courte Oreilles* and *Vandenplas*, there is no separate final judgment on the merits with which to consolidate the decision to award fees.

The bankruptcy court's order did order the Behrenses to file a statement of their damages and attorneys' fees, and ordered Woodhaven to pay or to object to those charges within fourteen days of service. The Behrenses filed a statement on August 9. The record shows no objection by Woodhaven, which filed its notice of appeal on August 25 (fourteen days or more after service, presuming that the Behrenses served their statement on Woodhaven on or before August 9). One could imply from the bankruptcy court's order that if Woodhaven did not object to the Behrenses' damages and attorneys' fees the case would be over. It would seem to follow that since Woodhaven did not object, the case was over in the bankruptcy court, and the bankruptcy court's decision was final.

While this result may seem to follow, we rejected similar reasoning in *Hatch v. Lane*, 854 F.2d 981 (7th Cir.1988). In *Hatch*, the district court dismissed a plaintiff's complaint without prejudice and gave the plaintiff 30 days to file an amended complaint. The plaintiff, instead of filing an amended complaint, appealed. The district court never entered a final judgment when the amendment period ended. This court held that the dismissal without prejudice was not a final judgment, and that the passage of the 30-day amendment period did not convert the court's order into a final judgment. *Id.* at 981–82. This was so even though the district court's order implied that the case would be over if the plaintiff did not file an amended complaint within 30 days. See *Harris v. Milwaukee County Circuit Court*, 886 F.2d 982, 984 (7th Cir.1989). Because the district court's judgment was not final, we dismissed the appeal in *Hatch*.

As in *Hatch*, the bankruptcy court in this case issued a non-final order that implied

that if a party did not take a certain action in a specified time period, the case would be over. As in *Hatch*, the passage of that time period did not convert the non-final order into a final judgment. Had the bankruptcy court provided that its order would automatically become final if Woodhaven did not object within fourteen days to the Behrenses' statement of damages and attorneys' fees (or that the order would become final if the Behrenses did not file such a statement on time), then its order would have ripened into a final order when the objection period (or filing period for the Behrenses) ended. Cf. *Harris*, 886 F.2d at 983–84 (order giving plaintiff 20 days to pay a filing fee and providing it would automatically ripen into a final judgment of dismissal if the deadline passed became final when the deadline passed); see also *Hatch*, 854 F.2d at 982–83. The bankruptcy court did not include such a provision in its order, and did not enter a final judgment when the time passed for Woodhaven to object to the Behrenses' damages statement. It thus follows from *Hatch* that the bankruptcy court's judgment was not final. Since we have no jurisdiction over an appeal from a district court's decision on an appeal from a bankruptcy court's non-final order, we must dismiss Woodhaven's appeal.

APPEAL DISMISSED.