923 F.2d 847
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence Melvin BATTLE, Plaintiff-Appellant,
v.
James G. MARTIN, individually and in his official capacity
as Governor, Defendant-Appellee.
In re CLARENCE MELVIN BATTLE, Petitioner.
 Nos. 90-7396, 90-8056.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 7, 1991.
Decided Jan. 22, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. (MISC-90-242)
 On Petition for Writ of Mandamus.
 Clarence Melvin Battle, appellant/petitioner pro se.
 E.D.N.C.
 No. 90-7396 DISMISSED.
 No. 90-8056 PETITION DENIED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Clarence Melvin Battle, a North Carolina prisoner, attempted to file a 42 U.S.C. Sec. 1983 action in the United States District Court for the Eastern District of North Carolina. However, the complaint was rejected by a deputy clerk because Battle failed to comply with Local Rule 11, which provides that Sec. 1983 actions must be filed on forms provided without charge by the court; he also failed to provide pertinent information, including his inmate identification number and evidence of exhaustion, required by the court. The rejection of the complaint was without prejudice to his right to refile the complaint in compliance with the applicable local rules and the Federal Rules of Civil Procedure.
 
 
 2
 Battle filed a mandamus petition seeking an order directing the district court to file his original complaint. However, mandamus relief is only possible when the petitioner has no other means by which he may obtain the requested relief. In re Beard, 811 F.2d 818, 826 (4th Cir.1987). Because Battle may refile the complaint on the appropriate form with all of the required information, mandamus relief is not appropriate. Therefore, we deny the petition.
 
 
 3
 Battle also noted an appeal to the rejection of his complaint. Because the action was never filed, and because the district court did not enter an order in the case, this Court does not have jurisdiction over the appeal. 28 U.S.C. Sec. 1291.*
 
 
 4
 In light of the disposition of Battle's two actions, we deny his motions for default judgment, injunctive relief, and monetary damages for delay in answering his complaint and petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 5
 No. 90-7396--DISMISSED.
 
 
 6
 No. 90-8056--PETITION DENIED.
 
 
 
 *
 In the alternative, because the rejection of the complaint was without prejudice to his right to refile on the proper forms, the rejection was not appealable. See Hatch v. Lane, 854 F.2d 981 (7th Cir.1988) (dismissal of complaint without prejudice to right to refile amended complaint within 30 days was not a final, appealable order)