943 F.2d 54
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of NASHVILLE ALPS SKI RESORT, INCORPORATED, Debtor.
Appeal of J. Steven BERGDOLL.
 No. 90-1738.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 22, 1991.
Decided Sept. 11, 1991.
 
 Before CUMMINGS, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 On February 27, 1990, the district court affirmed the decision of the bankruptcy court that J. Steven Bergdoll failed to file a timely proof of claim in the bankruptcy proceedings involving the reorganization of Nashville Alps Ski Resort, Inc. ("Alps"). We dismiss Bergdoll's appeal from the district court decision for lack of jurisdiction.
 
 I.
 
 2
 Bergdoll is the former president of Alps. On February 18, 1981, shortly before firing Bergdoll, Alps sued Bergdoll in an Indiana state court in a dispute arising from his performance as Alps' president. On June 25, 1981, Bergdoll counter-claimed against Alps, arguing he was due salary and was entitled to the repayment of certain loans.
 
 
 3
 On September 14, 1981, Alps filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code in the U.S. bankruptcy court for the southern district of Indiana. The debtor Alps listed Bergdoll as an unsecured claimant holding a disputed claim in the amount of $136,681.93. Bergdoll's name and address were placed on the creditors' mailing list for distribution of court orders and notices.
 
 
 4
 On January 3, 1986, the bankruptcy court mailed an order to all listed creditors stating that proofs of claims against Alps had to be filed by May 1, 1986. Bergdoll (and all other listed creditors) were sent an additional notice on April 9 warning of the May 1986 deadline. Bergdoll failed to file proof of a claim in the bankruptcy court.
 
 
 5
 The bankruptcy court approved a reorganization plan for Alps on May 16, 1986. On July 13, 1988, the bankruptcy court, on its own motion, removed the state court action involving Bergdoll and Alps to the bankruptcy court and designated it an adversary proceeding. On March 7, 1989, the bankruptcy court, after receiving briefs and reviewing the record (but not holding an evidentiary hearing), ruled that Bergdoll had failed to file a proof of claim by the appropriate deadline and therefore his claim against Alps was time-barred under Bankr. Rule 3003(c), 11 U.S.C.
 
 
 6
 In its decision, the bankruptcy court noted that "[a]dministrative fees have been heard and allowed, contested claims have been resolved by this Court, and distribution has been made pursuant to the confirmed plan. Thus, the Chapter 11 plan has been confirmed for nearly three years and is ready to be closed." The court also ordered that "the Chapter 11 proceeding ... and this adversary proceeding can be CLOSED if Bergdoll does not file a timely notice of appeal."
 
 
 7
 Bergdoll appealed this decision to the district court. On February 27, 1990, the district court affirmed the bankruptcy court's determination that Bergdoll's claim against Alps was time-barred. Bergdoll appeals the affirmance to this court.
 
 II.
 
 8
 The question of appellate jurisdiction in this matter was raised before the court at oral argument on January 22, 1991. Attorney for the appellant Bergdoll admitted under questioning that "another adversary proceeding involving the same party" was ongoing in the bankruptcy court. Jurisdiction in this appeal was purportedly based on 28 U.S.C. § 158(d) of the bankruptcy code. That provision states, in pertinent part, that "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered" by district courts hearing appeals from bankruptcy court determinations. For this court to have jurisdiction over a bankruptcy appeal in these circumstances, "both the district court's and the bankruptcy court's decisions must be final." In the Matter of Behrens, 900 F.2d 97, 99 (7th Cir.1990). Appellant's admission at oral argument that proceedings in the bankruptcy court were continuing requires that we dismiss this appeal for lack of jurisdiction. Although the bankruptcy order may on its face appear final, the additional adversary proceedings discussed at oral argument indicated it is not final, thus depriving the court of jurisdiction.