91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lokmar Y. ABDUL-WADOOD, Plaintiff-Appellant,
v.
Sharon HAWK, et al., Defendants-Appellees.
 No. 95-3716.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1996.[1]
Decided June 27, 1996.
 
 Before BAUER, EASTERBROOK and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Lokmar Y. Abdul-Wadood[2] and other inmates[3] filed a civil rights suit pursuant to 42 U.S.C. § 1983 alleging that defendants, various prison officials, violated his right to access of courts by providing deficient legal assistance or an inadequate law library, and that defendants penalized inmates who gave legal help to other inmates. The district court initially entered a default order against defendants, but later vacated that order and dismissed the case for failure to state a claim, Fed.R.Civ.P. 12(b)(6), and we review that order de novo. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir.1990).
 
 Failure to State a Claim
 
 2
 Abdul-Wadood's argument that the default order should not have been vacated fails, since clearly a default order does not prevent the court from looking at the complaint to see if a claim is stated. Black v. Lane, 22 F.3d 1395, 1399 (7th Cir.1994) ("the entry of a default order does not ... preclude a party from challenging the sufficiency of the complaint").
 
 
 3
 In order to state a claim for denial of access to the courts, a prisoner must allege that prison officials failed to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law; and show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." Bounds v. Smith, 430 U.S. 817, 828 (1977); see also Gentry v. Duckworth, 65 F.3d 555, 558-59 (7th Cir.1995); Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir.1992).
 
 
 4
 Abdul-Wadood has utterly failed to allege the most basic element of his claim: prejudice suffered due to either pending or contemplated legal action. Absent such an allegation, dismissal is required. Shango v. Jurich, 965 F.2d 289, 292 (7th Cir.1992). Nor is this a case where plaintiff has shown the inability to perform even preliminary research, and thus need not demonstrate specific prejudice. See Jenkins, 977 F.2d at 268; DeMallory v. Cullen, 855 F.2d 442, 448-49 (7th Cir.1988). He also fails to allege that defendants imposed sanctions against him after he assisted another inmate with legal work.[4] Moreover, his argument that the Constitution demands that the prison paralegal must be state licensed is absurd. See Brooks v. Buscher, 62 F.3d 176, 179 (7th Cir.1995). These were simple pleading deficiencies that could have been easily remedied.[5]
 
 Prison Litigation Reform Act
 
 5
 In light of the district court's granting Abdul-Wadood time to file an amended complaint to correct these deficiencies,[6] and Abdul-Wadood's decision to instead stand on the obviously-insufficient pleading and file this appeal,[7] we find the appeal frivolous.
 
 
 6
 Under the recently enacted Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 § 804 (effective April 26, 1996), a prisoner is prohibited from bringing civil actions or appeals after he has brought three actions which are either frivolous, malicious, or fail to state a claim upon which relief may be granted:
 
 
 7
 In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Id. (to be codified at 28 U.S.C. 1915(g)).
 
 
 8
 In this case, we have found that the appeal is frivolous.[8] We hold that this counts as the second of "three or more" occasions where Abdul-Wadood has "brought an ... appeal ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id.[9]
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 Also known as Lincoln Love
 
 
 [3]
 Only Abdul-Wadood appealed the district court order. He did not seek and the district court did not grant certification of a class action
 
 
 [4]
 Only plaintiff Wilson filed documents indicating he was disciplined after assisting other inmates with legal work
 
 
 [5]
 Similar allegations against paralegal Sharon Hawk and regarding sanctions for helping other inmates were made by Abdul-Wadood and other inmates in a class action resulting in a consent decree recently affirmed by this court. Isby v. Bayh, 75 F.3d 1191 (7th Cir. Feb. 5, 1996), affirming Taifa v. Bayh, 1995 WL 646300 (N.D.Ind. Aug. 22, 1995) (No. 3:92CV0429 AS). Because the allegations in this case are wholly insufficient, we make no attempt to determine whether the consent decree in Isby v. Bayh covered the same ground
 
 
 [6]
 The district court entered an order on February 2, 1995, stating: "The complaint is dismissed without prejudice and leave is granted to March 1, 1995 to file an amended complaint. Failure to amend will result in dismissal with prejudice. See Hatch v. Lane, 854 F.2d 981 (7th Cir.1988)." (R. 134)
 
 
 [7]
 This is actually the third appeal Abdul-Wadood has filed in this case. Prior to this final dismissal, Abdul-Wadood filed two appeals, Nos. 95-1613 and 95-3290, which we dismissed as premature since claims of other plaintiffs remained pending before the district court
 
 
 [8]
 Moreover the complaint was dismissed for failure to state a claim upon which relief can be granted. See Pub.L. No. 104-134, 110 Stat. 1321 § 803 (effective April 26, 1996) (to be codified at 42 U.S.C. § 1997e(7)(c)(1)
 
 
 [9]
 In another decision released today, we found Abdul-Wadood's appeal to be frivolous. Abdul-Wadood v. Lee, No. 95-1122 (7th Cir. June 27, 1996) (unpublished order)