In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

Nos. 16-1422 & 16-1423

KAREN SMITH,

*Plaintiff-Appellant*,

*v.*

CAPITAL ONE BANK (USA), N.A.
and KOHN LAW FIRM S.C.,

*Defendants-Appellees*.

———————————

Appeals from the United States District Court for the
Eastern District of Wisconsin.
Nos. 15-CV-0849 and 15-CV-0851 — **Lynn Adelman**, *Judge*.

———————————

ARGUED NOVEMBER 4, 2016 — DECIDED DECEMBER 22, 2016

———————————

Before FLAUM and KANNE, *Circuit Judges*, and MAGNUS-STINSON, *District Judge*.[*]

FLAUM, *Circuit Judge*. Plaintiff-appellant Karen Smith filed for bankruptcy. During the course of the bankruptcy proceed-

———————————

[*] Of the Southern District of Indiana, sitting by designation.

ings, defendant-appellee Capital One Bank USA, N.A. ("Capital One"), represented by defendant-appellee Kohn Law Firm S.C. ("Kohn"), filed suit against Smith's husband to collect on a credit card debt he owed. Appellant Smith initiated an adversary proceeding in the bankruptcy court, alleging that appellees had violated the co-debtor stay of 11 U.S.C. § 1301. The bankruptcy court granted summary judgment for appellant Smith, holding that Capital One's lawsuit against Smith's husband had violated the co-debtor stay due to the operation of Wisconsin marital law, Wis. Stat. § 766.55, which makes marital property available to satisfy certain kinds of debts. On interlocutory appeal, the district court reversed the bankruptcy court, holding that the co-debtor stay did not apply despite the application of Wisconsin marital law. We affirm.

## I. Background

Appellant Smith filed for bankruptcy under Chapter 13 in July 2011. Prior to that, Smith's husband had obtained a Capital One credit card that he used for consumer debts for the Smith family. Smith's husband did not join Smith's bankruptcy petition and Smith did not list him (or anyone else) as a co-debtor.[1] In December 2011, the bankruptcy court confirmed Smith's Chapter 13 plan.

In July 2014, during Smith's repayment period under her bankruptcy plan, Capital One, through Kohn, sued Smith's

---

[1] Smith listed Capital One as an unsecured creditor in her bankruptcy schedules, and Capital One received notice of the bankruptcy. Capital One then filed a claim for $1,850.08 for "goods sold." However, this was in connection with an unrelated debt for Smith's purchases at Kohl's not made using Mr. Smith's Capital One credit card.

husband in Wisconsin state court over amounts owed on his credit card account. Capital One received judgment in its favor in August 2014, but has not attempted to enforce the judgment.

In February 2015, Smith initiated an adversary proceeding in bankruptcy court against appellees. She brought six causes of action, alleging violations of the co-debtor stay, 11 U.S.C. § 1301(a); the Wisconsin Consumer Act, Wis. Stat. § 427.104; and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(d)-(e). All of Smith's claims rested on the theory that Smith's husband's credit card debt was covered by the co-debtor stay due to the operation of Wisconsin marital law, Wis. Stat. § 766.55, and that Capital One and Kohn had violated the co-debtor stay by suing Smith's husband.

In April 2015, Smith moved for summary judgment. The bankruptcy court granted Smith's motion, holding that "the Capital One debt is a debt of the Debtor [appellant Smith] subject to the co-debtor stay."

Capital One and Kohn sought and obtained leave for an interlocutory appeal to the district court. The district court held that the husband's credit card debt was not Smith's consumer debt, reversed the bankruptcy court, and remanded the case back to the bankruptcy court to enter judgment in appellees' favor. The court concluded that "consumer debt of the debtor," as used in § 1301(a), does not include a debt for which the debtor is not personally liable but that may be satisfied from the debtor's interest in marital property. Though the district court's order remanded the case to the bankruptcy court, the former's decision effectively ended Smith's action, since all of her claims depended on the application of the co-debtor stay rule. Smith now appeals that decision.

## II. Discussion

This Court has jurisdiction over appeals from final district court decisions. 28 U.S.C. § 158(d)(1). In the bankruptcy context, both the bankruptcy court decision and the district court decision must be final. *In re Behrens*, 900 F.2d 97, 99 (7th Cir. 1990). Though "a district court's decision on appeal from a bankruptcy court's interlocutory order is generally not regarded as final and appealable," *id.*, a "district court's decision on a bankruptcy court's interlocutory order may leave nothing for the bankruptcy court to do, and thus transform the bankruptcy court's interlocutory order into a final appealable order," *id.* n.1 (citing *In re Cash Currency Exch., Inc.*, 762 F.2d 542, 545 n.3 (7th Cir. 1985)); *see also In re Jartran*, 886 F.2d 859, 861 (7th Cir. 1989) ("[A] district court order remanding the case to the bankruptcy court may qualify as final if all that remains to do on remand is a purely … ministerial task … ."). In this case, the district court's reversal of the bankruptcy court's grant of summary judgment foreclosed all of Smith's causes of action and left nothing for the bankruptcy court to do except enter judgment in appellees' favor. Therefore, we may review the district court's decision.

We review a summary judgment decision de novo, with factual inferences construed in favor of the non-moving party. *Chi. Reg'l Council of Carpenters Pension Fund v. Schal Bovis, Inc.*, 826 F.3d 397, 402 (7th Cir. 2016).

### A. The Co-Debtor Stay

In addition to automatically staying claims against the debtor herself, *see* 11 U.S.C. § 362, the Bankruptcy Code provides other (albeit narrower) protections when co-debtors are involved:

> [A]fter the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt … .

11 U.S.C. § 1301(a).[2] For the co-debtor stay to apply: 1) there must be an action to collect a consumer debt, 2) the consumer debt must be of the debtor, and 3) the action to collect must be against an individual that is liable on such debt with the debtor. The parties agree that Smith's husband's Capital One credit card debt was a "consumer debt" and that appellee's action was against the husband.

However, Smith and appellees disagree as to whether the credit card bills were a "consumer debt *of the debtor* [appellant Smith]," triggering the co-debtor stay protections, as opposed to simply being a consumer debt of the husband. Ordinarily, one's credit card debt is one's own, and the co-debtor stay would not bar a creditor from collecting on a non-bankrupt spouse's own debts simply because the other spouse had filed for bankruptcy. Smith argues that under a broader definition

---

[2] The Bankruptcy Code defines several of the contested terms in the co-debtor stay. While the phrase "consumer debt of the debtor" as a whole is not defined, "consumer debt" is defined as a "debt incurred by an individual primarily for a personal, family, or household purpose," and "debt" is defined as a "liability on a claim." 11 U.S.C. §§ 101(8), (12). "Claim" is defined as a "right to payment, whether or not such right is reduced to judgment." *Id.* § 101(5). Additionally, a "claim against the debtor" is to be construed to include claims against the property of the debtor. *Id.* § 102(2).

of "consumer debt of the debtor," and by operation of Wisconsin marital law, her husband's credit card debt became Smith's for purposes of the co-debtor stay.

We agree with appellees that the credit card debt was not covered by the co-debtor stay. The phrase "consumer debt of the debtor," as Smith points out, is not itself defined in the statute; and Smith attempts to fill this gap by highlighting the Bankruptcy Code definitions of "debt" (as "liability on a claim"), and "claim" (as a "right to payment"). Thus, argues Smith, this Court should read "debt of the debtor" to include "liability on a claim against the debtor." However, the Bankruptcy Code explicitly provides debtors with protections against "claims" in other provisions. *See, e.g.*, 11 U.S.C. § 362(a)(1) (forbidding the commencement of an action to "recover a *claim* against the debtor") (emphasis added). And "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." *Russello v. U.S.*, 464 U.S. 16, 23 (1983). Smith's proposed definition also effectively reads out of § 1301 the important qualification that the debt be "of the debtor." *See* 11 U.S.C. § 1301(a); *River Rd. Hotel Partners, LLC v. Amalgamated Bank*, 651 F.3d 642, 651 (7th Cir. 2011), *aff'd sub nom. RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065 (2012); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (citations and internal quotation marks omitted).

Furthermore, attempting to collect a judgment from a spouse's marital property would likely violate the automatic stay that already protects the filing spouse. *See* 11 U.S.C. § 362; *In re Thongta*, 401 B.R. 363, 368 (Bankr. E.D. Wis. 2009) (docketing of judgment against property of the bankruptcy estate "created a lien on the property under [Wisconsin law,[3] and] violated the automatic stay of Bankruptcy Code § 362(a)(4)"). The automatic stay prevented appellees from asserting a "right to payment" from any of appellant's marital property during the bankruptcy proceedings, so Smith had no "liability on a claim" in the first place. If we interpreted the co-debtor stay to eliminate the same liability, and thus to provide the same protections against collection—as Smith suggests we do—then we would render that stay duplicative of the automatic stay. Such an interpretation is not appropriate. *See River Rd. Hotel Partners*, 651 F.3d at 651 ("Interpretations that result in provisions being superfluous are highly disfavored."). The best reading of the co-debtor stay involves shielding non-filing co-debtors from actions to collect on the consumer debts only *of the filing debtor*. As Smith does not demonstrate that her husband's credit card debt is her own, the co-debtor stay does not apply.

---

[3] Wisconsin Statute § 806.15(1) provides, "Every judgment properly entered in the judgment and lien docket showing the judgment debtor's place of residence shall, for 10 years from the date of entry, be a lien on all real property of every person against whom the judgment is entered." However, § 806.15(4) states that liens under the statute do not attach to the non-incurring spouse's property unless that spouse is also named as a defendant in the original action. In this case, it does not appear that Smith was named as a defendant in Capital One's lawsuit against Smith's husband.

### B. Wisconsin Marital Law

Even if appellant's reading of § 1301 were correct, application of Wisconsin marital law would not convert her husband's debts into her own. In Wisconsin, married individuals can have both individual and marital property. *See* Wis. Stat. § 766.55. Debts incurred during marriage are "presumed to be incurred in the interest of the marriage or the family," *id.* § 766.55(1), and "[a]n obligation incurred by a spouse in the interest of the marriage or the family may be satisfied only from all marital property and all other property of the incurring spouse [Smith's husband]," *id.* § 766.55(2)(b). Further, in order to satisfy a judgment for a debt, a successful creditor "may proceed against either or both spouses to reach marital property available for satisfaction of the judgment." *Id.* § 803.045(3).

Smith says that once appellees obtained a judgment against her husband, they could collect it from either the husband's individual property or the marital property belonging to both spouses, and that appellees therefore created a liability on Smith's part under the co-debtor stay. Section 766.55(2) would ordinarily allow appellees to satisfy Capital One's judgment from the Smiths' marital property were the Smiths not under Chapter 13 protections. Appellees in this case, however, could not have sought to satisfy the judgment against Smith's husband from the marital property due to the automatic stay.[4] Consequently, Smith had no liability whatsoever, and thus no debt, for her husband's credit card bills.

---

[4] Capital One has not tried to satisfy the judgment from either spouse's individual property. Though appellees would likely be entitled to satisfy their judgment from the husband's individual property under Wisconsin

Simply obtaining a judgment against a non-filing spouse who happens to have shared property interests with the filing spouse, without more, does not make the debts involved in that lawsuit the debts of the filing spouse under Wisconsin law. "[Wisconsin Statute] § 766.55(2)(a) and (b) … do[] not create a direct cause of action against the noncontracting spouse. None of the paragraphs in § 766.55(2) create[s] a direct cause of action against a spouse. Indeed, no part of § 766.55(2) creates any cause of action, direct or indirect." *St. Mary's Hosp. Med. Ctr. v. Brody*, 519 N.W.2d 706, 711 (Wis. Ct. App. 1994). Furthermore, "[n]othing in § 803.045 … imposes a liability against either spouse under § 766.55(2)(a) or (b) …. Rather, § 803.045 is procedural. It authorizes a creditor to proceed against a spouse under the circumstances described in the statute to reach the property described in § 766.55(2)." *Id.* at 712. The Wisconsin courts have made clear that, with respect to consumer debts, the state's marital laws do not give rise to direct causes of action against, or liability on the part of, the non-incurring spouse. In this case, appellant Smith is the non-incurring spouse, and therefore is not liable for her husband's credit card debt. The debt is not hers.

Smith next argues that she otherwise became liable for her husband's credit card debt under Wisconsin's doctrine of necessaries. This common-law doctrine, codified at Wis. Stat. § 765.001(2), provides a direct cause of action against one

---

law and the Bankruptcy Code, the parties agree that the husband has no individual property. Relatedly, even if appellant Smith had individual property at the time of the judgment, appellees concede that they could not satisfy their judgment from that property without running afoul of the automatic stay, Wisconsin law, or both.

spouse for any marital "necessaries"[5] incurred by the other spouse during the marriage. Smith says the possibility of a direct cause of action against her for her husband's credit card debts brings those debts within the co-debtor stay. However, she raises this theory for the first time on appeal to this Court, and it is therefore waived. *See Domka v. Portage Cty., Wis.*, 523 F.3d 776, 783 (7th Cir. 2008). The passages appellant cites from previous filings to avoid waiver refer only to Smith's broader legal theory that she is liable for her husband's debt. Raising this general theory below was not enough to adequately raise the specific doctrine-of-necessaries theory for appellate review. *Id.* Furthermore, even if the doctrine did create a direct cause of action against appellant, Smith provides no evidence that the credit card debt was for necessaries, as opposed to ordinary consumer goods, and she does not explain why this situation would trigger the co-debtor stay, as opposed to the automatic stay. As noted above, appellees have not brought a lawsuit directly against Smith and have not sought to satisfy

---

[5] In Wisconsin, marital necessaries are most often medical bills, *see, e.g.*, *Baldwin Area Med. Ctr. v. Bengston*, No. 2015AP1413, 2016 WL 4766037, at *1 (Wis. Ct. App. Sept. 13, 2016); *Med. Coll. of Wis. v. Missimer*, 769 N.W.2d 878 (Wis. Ct. App. 2009) (unpublished table opinion) (citing *St. Mary's*, 519 N.W.2d 706), but they may also encompass goods and services "necessary for the adequate support and maintenance of [a spouse's] minor children and of the other spouse," Wis. Stat. § 765.001(2). In medical necessaries cases, the medical services provider may bring a cause of action directly against the spouse that did not use the medical services to recover the cost of the services used by the other spouse. *Baldwin*, 2016 WL 4766037, at *1. The parties disagree as to whether an entity that is not the direct provider of necessaries, such as Capital One, may bring a cause of action against the non-incurring spouse under this doctrine. We do not need to resolve the issue to decide this case and therefore decline to do so.

their judgment against her husband from any of Smith's individual or marital property.

Smith's suggested expansion of the co-debtor stay cuts against its plain meaning and purpose. The stay was meant to head off the undue pressure that creditors could otherwise exert on a debtor by threatening action against third parties—often relatives—who have co-signed the *debtor's* debts. For example, take the case of a parent who co-signs a car lease for their child, and the child later files for bankruptcy. Without the stay, the creditor car dealer could receive preferential treatment from the child by threatening legal action against the parent. The co-debtor stay eliminates the risk of such unwanted treatment by shielding the parent from suit on the child's debts. The co-debtor stay, however, is not meant to shield third parties from facing judgments on their *own* debts. Here, for instance, there is no risk of preferential treatment, since the plaintiff in the collection proceeding (Capital One) is not a creditor of the debtor who has filed for bankruptcy (appellant Smith). So Smith could not have paid off appellees any sooner, or have given them any other preferential treatment, as appellees were not seeking payment of the credit card debts under Smith's bankruptcy plan.

Appellees' lawsuit against Smith's husband did not violate the co-debtor stay, and Smith's adversarial proceeding was properly dismissed.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.