**Davis HARRIS, Plaintiff–Appellant,**

v.

**MILWAUKEE COUNTY CIRCUIT COURT and David V. Jennings, Jr., Defendants–Appellees.**

No. 88–2870.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 18, 1989.

Decided Oct. 13, 1989.

Davis Harris, Waupun Correctional Institution, Waupun, Wis., pro se.

Donald J. Hanaway, Atty. Gen., Office of the Attorney General, Wisconsin Dept. of Justice, Madison, Wis., for defendants-appellees.

Before CUMMINGS, CUDAHY, and POSNER, Circuit Judges.

POSNER, Circuit Judge.

Davis Harris is a Wisconsin state prisoner who wants to change his name to Da'ud Zaki Hakim. He brought suit in state court under Wis.Stat. § 786.36 to change his name by appearing in person before a state judge, but the suit failed when the judge refused to grant Harris a writ of habeas corpus ad testificandum that would have allowed him to leave the prison to appear in court. Harris appealed this ruling but lost, the appellate court noting that under Wisconsin law Harris could change his name just by using his new name; he did not need to bring a court action. Instead of following the suggested route, Harris sought permission from a federal district court in Wisconsin to file a suit under 42 U.S.C. § 1983 against the state judge who had refused to grant the writ and against the judge's court. The complaint asks the district court to award damages for the judge's ruling and to grant Harris's request for a change of name. The district judge ruled that the proposed suit was frivolous and he therefore refused to allow Harris to proceed in forma pauperis (see 28 U.S.C. § 1915(d))—that is, without paying the filing fee. In denying the request for leave to proceed in forma pauperis, the judge said: "Plaintiff shall have twenty (20) days from the receipt of this order to pay the required filing fee. If this deadline passes without the filing fee paid, this order will ripen into a final judgment of dismissal without further order."

Before the twenty days had elapsed, Harris filed a notice of appeal from the dismissal of his suit, and the first question we must consider is whether we have appellate jurisdiction. The judge's order made the judgment dismissing Harris's suit effective at the end of the twentieth day from the receipt of the order. Hence the notice of appeal was filed prematurely. But Rule 4(a)(2) of the Federal Rules of Appellate Procedure provides, with an immaterial exception, that "a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof." This

case fits the description, provided a post-dated judgment of the sort the judge entered is a permissible form of judgment. We think it is. In *Brekke v. Morrow*, 840 F.2d 4 (7th Cir.1988), in the course of holding that an order denying leave to proceed in forma pauperis is not itself a final appealable judgment, we remarked that "in denying a motion for leave to proceed in forma pauperis the district court can set a deadline for payment of the required filing fee and provide in the order that if the deadline passes without the fee being paid, the order will ripen into a final judgment of dismissal without further order." *Id.* at 5. That is what the judge did here, and when he follows this route the judgment date is the day the deadline expires. The notice of appeal may be filed before the deadline passes, as in this case, or after, within the period allowed for filing appeals from final judgments.

■ The form of order used in this case should be distinguished from that held not to create an appealable judgment in *Hatch v. Lane*, 854 F.2d 981, 981–82 (7th Cir. 1988): "[complaint] dismissed without prejudice to plaintiff's filing within 30 days an amended complaint limited to [a particular claim]." An order that simply dismisses a complaint with leave to replead is not a final judgment, because it does not end the litigation. It is true that the form of order in *Hatch* implied that if the plaintiff did not file a particular type of amended complaint within thirty days, the case would be over. But there was no direction to that effect, and we thought that in such a case a final judgment order should be required. Here the district judge stated that his order would become a final judgment on a specified date unless a specified contingency occurred, and the contingency did not occur so the order became a final judgment on the specified date according to its terms. This was an unorthodox but not an improper method of complying with Rule 58's requirement of a separate judgment order, although an explicit final judgment order would have been better. See *Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 758 (7th Cir.1988). The order in *Hatch* was more oblique, and crossed the line.

■ So we have jurisdiction, and come to the merits, which are straightforward. Harris fails to allege that the denial of a writ of habeas corpus ad testificandum deprived him of life, liberty, or property without due process of law, or violated any other federal constitutional or statutory right of his. We can speculate that behind Harris's suit lies the type of First Amendment free-exercise claim involved in *Azeez v. Fairman*, 795 F.2d 1296 (7th Cir.1986), where we reversed a judgment against prison officials who had refused to allow Black Muslim prisoners to go by their Islamic names; Da'ud Zaki Hakim is Harris's Islamic name. But Harris is not suing the prison, nor does he argue that the prison will refuse to let him use his new name unless he obtains a court order changing it. The suit as filed is frivolous, and was properly dismissed.

AFFIRMED.