Frank E. PETERS, Plaintiff–Appellant,

v.

**WELSH DEVELOPMENT AGENCY and Development Capital Group, Ltd., Defendants–Appellees.**

No. 89–1717.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 23, 1990.

Decided Dec. 13, 1990.

Rehearing and Rehearing En Banc Denied Feb. 5, 1991.

R. Dickey Hamilton, Barry A. Miller, Edward W. Feldman, Miller, Shakman, Nathan & Hamilton, Chicago, Ill., for plaintiff-appellant.

Robert M. Collins, Wildman, Harrold, Allen & Dixon, Kevin G. McBride, James M. Amend, Kirkland & Ellis, Chicago, Ill., for defendants-appellees.

Before WOOD, Jr. and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

The plaintiff Frank Peters ("Peters") appeals the District Court's dismissal of his Second Amended Complaint (the "Complaint"), without prejudice, for failure to prosecute. In its dismissal order, the District Court indicated that it would reinstate the Complaint if Peters were to meet certain conditions. Because the District Court contemplated further proceedings concerning Peters' satisfaction of these conditions, its order is not final and we must dismiss this appeal for lack of jurisdiction.

### Discussion

Criminal proceedings are currently pending against Peters in England concerning many of the same events that are the subject of this civil suit. Fearing that any testimony that he gives in this case could be used against him in the criminal proceedings, Peters refused to answer most of the questions at his deposition on the basis of the Fifth Amendment. This creates a problem. This case has been pending for more than four and a half years, yet the defendants remain unable to conduct a meaningful deposition of Peters, who as plaintiff is a key witness. The situation is particularly unfair given that Peters *opposed* the defendants' motion to stay this case until the resolution of his criminal trial. Peters apparently wants free reign to complete his own discovery while putting the defendants on indefinite hold as to his deposition and, presumably, any interrogatories or other matters that might be used against Peters in the criminal proceedings.

In response to this problem and others not germane to this opinion, the District Court dismissed the Complaint, with prejudice at first, subject to certain conditions. The District Court stated that it:

> will consider a motion to vacate this dismissal pursuant to Fed.R.Civ.P. 60(b) if [1] the British criminal charges are resolved and [2] Peters establishes that he is prepared to diligently conduct and respond to discovery in accordance with his prior sworn representations to this court.

Memorandum Opinion and Order, p. 12. Following a motion to reconsider, the District Court amended the dismissal to be without prejudice, and stated, "Since the conditions for reinstatement have not *yet* been satisfied, plaintiff's request for reconsideration is denied *at this time*." Minute Order, March 8, 1989 (emphasis added). The District Court's language ("yet", "at this time"), its conditions for reinstatement, and its modification of its dismissal to be without prejudice show that it contemplates further proceedings in this case. The District Court's dismissal of the Complaint rather than the cause of action reinforces this conclusion. *See Benjamin v. United States*, 833 F.2d 669, 671 (7th Cir. 1987) (stating that appellate jurisdiction "turns on whether the district court dismissed [the plaintiff's] complaint or, instead, dismissed his action.... [T]he simple dismissal of a complaint does not terminate the litigation").*

---

* Peters correctly notes that the District Court's reference to Fed.R.Civ.P. 60(b) in its conditions for reinstatement suggests a final judgment. By its terms, Rule 60(b) applies to "relie[f] ... from a *final* judgment." (emphasis added). But a conditional judgment does not become a final judgment merely because it is accompanied by a passing reference to Rule 60(b). Taken together, the District Court's statements and actions show that it anticipates further proceedings con-

440

The conclusion that further proceedings remain in the District Court bars this appeal. "A dismissal of a case is not final and appealable when the district court contemplates further proceedings." *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1304 (7th Cir.1988). *See also In re Behrens*, 900 F.2d 97, 99 (7th Cir.1990) (stating that a judgment must be "self-contained and complete" to support appellate jurisdiction). This result makes sense. In his brief, Peters in effect says that he can meet the District Court's conditions, stating that he is willing to waive his Fifth Amendment rights rather than see his case dismissed. Appellant's Brief, p. 38. This waiver would apparently moot the district court's requirement that the British criminal charges against Peters must be resolved. So too, Peters represents that he has diligently conducted discovery and will continue to do so if his case is reinstated. This representation obviously responds to the second of the District Court's conditions. We cannot be sure—and this uncertainty is the whole point of the further proceedings that the District Court envisions—but it appears that Peters can comply with the District Court's requirements, which would make this appeal unnecessary.**

A comparison may help to put this decision in context. In previous cases, this Court has considered whether appellate jurisdiction is present when a district court's judgment takes effect conditionally, after a period of time. In *Harris v. Milwaukee County Circuit Court*, 886 F.2d 982 (7th Cir.1989), for example, the district court

had ordered dismissal unless the plaintiff paid a required filing fee within twenty days. *Id.*, at 983. The form of this dismissal did not prevent appellate jurisdiction. "[T]he district judge stated that his order would become a final judgment on a specified date unless a specified contingency occurred, and the contingency did not occur so the order became a final judgment on the specified date according to its terms." *Id.*, at 984. In other words, this Court could tell from the face of the judgment and a review of the docket sheet that the case was over. In the present case, by contrast, the District Court's conditions are temporally open-ended, and this Court has no way to be sure whether those conditions have or have not been met. The judgment here simply does not tell this Court that the case in the District Court is over.

In short, the District Court's order indicates that it contemplates further proceedings, so we Dismiss for lack of appellate jurisdiction.

cerning the specific conditions it imposed on its judgment. This prospect of further proceedings precludes the view that the litigation in the District Court is complete or that the judgment at issue is final.

** Nor can we be sure what effect the statute of limitations may have on Peters' ability to continue his case after meeting the District Court's conditions. Peters, with more than a touch of equivocation, claims in his brief that he "arguably" will have "limitations problems" in continuing his case. Appellant's Brief, p. 48; Appellant's Reply Brief, pp. 21–22. This equivocation is appropriate. In some circumstances, at least, a case may be reinstated after a dismissal without prejudice even though the statute of limitations has run. *See, e.g., Sigalas v. Lido Mari-*

*time, Inc.*, 776 F.2d 1512, 1516 (11th Cir.1985) (discussing reinstatement after dismissal of a case for *forum non conveniens*). Along these lines, the District Court's change of its order from with prejudice to without suggests that it intends to frame any reinstatement order in such a way as to resolve any statute of limitations difficulties—otherwise, the District Court's amendment of its order was a meaningless exercise. We do not mean to decide this issue or to predict what the District Court may or may not do. The only point is that we cannot be sure what effect the statute of limitations may have in this case. The reason for this uncertainty is simple, the District Court has not issued a final, appealable order that crystallizes the issues by terminating the litigation.