925 F.2d 1468
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gregory C. MALLETT, Plaintiff-Appellant,
v.
LABOR AND INDUSTRY REVIEW COMMISSION OF THE STATE OF
WISCONSIN, et al., Defendants-Appellees.
 No. 89-1500.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1991.*
Decided Feb. 20, 1991.
Rehearing Denied March 29, 1991.
 
 Order
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 
 1
 Gregory Mallett sought workers' compensation benefits. First the compensation carrier and later the Review Commission that serves as an adjudicatory body in Wisconsin denied the request. Mallett challenged this decision in state court and lost. Now he has filed a federal suit under 42 U.S.C. Sec. 1985, contending that the Commission, its members, the state judges, the employer, and the Governor and Attorney General of Wisconsin all conspired to deprive him of his civil rights.
 
 
 2
 On January 6, 1989, the district court entered an order denying leave to proceed in forma pauperis on the ground that the claim is frivolous, and providing that a final order of dismissal would be entered on January 30 unless Mallett paid the docketing fee. Mallett did not pay, and a final order was entered on that date. See Harris v. Milwaukee County Circuit Court, 886 F.2d 982 (7th Cir.1989). The notice of appeal filed on February 23, 1989, is accordingly timely. Mallett's Rule 59 motions, filed on January 23 and February 9 and 23, do not affect our jurisdiction. The first was not properly a Rule 59 motion, because filed (and disposed of) prior to judgment. The second, although timely, poses no problem under Fed.R.App.P. 4(a)(4) because it was denied on February 10, before the notice of appeal. The third, filed at the same time as the notice of appeal and denied on February 28, is irrelevant because successive Rule 59 motions do not suspend the finality of the judgment. See Charles v. Daley, 799 F.2d 343 (7th Cir.1986). The district court, instead of denying the third motion on the merits, should have returned it unfiled; the notice of appeal had transferred jurisdiction to this court.
 
 
 3
 Mallett's rambling brief in this court contends that he is the victim of some kind of conspiracy. But what kind? Section 1985 applies only if the defendants acted on the basis of a forbidden characteristic, such as race. Neither the complaint nor the brief makes the necessary allegation that Mallett is a member of (and was victimized because of membership in) a protected class. That the defendants may have acted in concert (which the complaint does allege) does not state a claim under Sec. 1985. The complaint is accordingly frivolous within the meaning of Nietzke v. Williams, 490 U.S. 319 (1989).
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record