**Charles TYLER, Plaintiff,**

v.

**Jeffrey KUGLITSCH, Defendant.**

No. 91–C–722.

United States District Court,
E.D. Wisconsin.

Oct. 24, 1991.

Order Oct. 31, 1991.

----

5. *See supra* note 2.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Charles Tyler, currently incarcerated at the Waupun Correctional Institution, seeks redress under 42 U.S.C. § 1983 against his former attorney, defendant Jeffery Kuglitsch, for failing to represent him adequately in connection with an appeal of his state parole revocation. Mr. Tyler has filed a petition for leave to proceed with this action in forma pauperis. During the original consideration of his petition, Mr. Tyler filed an amended complaint, which has also been considered by the court. Nevertheless, the petition will be denied.

■ In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: First, whether the litigant is unable to pay the cost of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) and (d). Furthermore, the court is obliged to give Mr. Tyler's pro se allegations, however inartfully pleaded, a liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

■ Mr. Tyler has provided the court with the requisite affidavit of indigence, see 28 U.S.C. § 1915(a), and the court is satisfied that Mr. Tyler is unable to pay the costs of this action. Nevertheless, the court is obliged to deny Mr. Tyler's petition to proceed in forma pauperis if his action is frivolous. An action is considered frivolous if there is no arguable basis for relief in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). At this stage, the court is obligated to accept the well-pleaded factual allegations as true.

In his recently filed amended complaint, Mr. Tyler alleges that in September 1986 he contacted the Milwaukee public defender's office in order to get an attorney to assist him in the appeal of the unfavorable outcome of his revocation hearing. He claims that after many delays, in February 1987, an attorney was appointed for him. (That attorney is the present defendant.) Mr. Tyler further alleges that from March through June of that year, the defendant-attorney informed him "that things were going just fine". He alleges that his attorney and he had no contact in August 1987, but that he did file a writ of certiorari on August 27, 1987, in Dane County circuit court. He further alleges that on September 9, 1987, an order of dismissal was entered dismissing his writ as untimely filed. The plaintiff further alleges that in June 1988, he wrote to the clerk of Milwaukee circuit court and was informed that the defendant-attorney Kuglitsch had not filed any briefs or motions.

Mr. Tyler claims that defendant Kuglitsch violated his rights under the sixth and fourteenth amendments. If he is seeking redress under § 1983 for ineffective assistance of counsel, he seems to have named the wrong defendant.

■ It is true that in *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984), the Supreme Court held that state public defenders are not granted absolute immunity in 42 U.S.C. § 1983 actions for intentional misconduct under color of state law by virtue of alleged *conspiratorial* action with state officials that deprives their client of federal rights. *See also Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (an otherwise

private person acts under color of state law when engaged in a conspiracy with state officials to deprive another of federal rights). However, absent such a conspiracy, public defenders are *not* considered to act under color of state law, *see Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (a state public defender, though hired and ultimately paid by the state does not act under color of state law in the normal cause of conducting a criminal defense).

Mr. Tyler fails to present an arguable claim for relief against attorney Kuglitsch under § 1983 because he has not alleged that attorney Kuglitsch was engaged in any conspiracy with state officials to deprive him of his federal rights. Absent such allegations, Mr. Tyler's complaint lacks a necessary prerequisite of § 1983 liability—that attorney Kuglitsch acted under color of state law. Therefore, the plaintiff has failed to present an arguable basis for relief in law that entitles him to relief under § 1983. *See Williams v. Faulkner,* 837 F.2d 304, 306 (7th Cir.1988), *aff'd sub nom., Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Therefore, IT IS ORDERED that plaintiff's petition for leave to proceed in forma pauperis be and hereby is denied.

### ORDER

By decision and order dated October 24, 1991, the court denied the plaintiff's petition for leave to proceed in forma pauperis, *see* 28 U.S.C. § 1915. Unless the plaintiff pays the required filing fee for his complaint within twenty days of this order, the court's order of October 24, 1991, will ripen into a final judgment of dismissal without prejudice and mark the end of the action for purposes of appellate jurisdiction, *see* Rule 58, Federal Rules of Civil Procedure. *See also Harris v. Milwaukee County Circuit Court,* 886 F.2d 982, 984 (7th Cir.1989) (sanctioning this as a "not an improper method of complying with Rule 58's requirement of a separate judgment order").

Therefore, IT IS ORDERED that the court's order of October 24, 1991, be and hereby is to have the effect of a final judgment of dismissal without prejudice if the plaintiff fails to pay the required filing fee within twenty days of service of this order.