947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael A. HOLSEY, Plaintiff/Appellant,
v.
Dennis ZONYK, Dick Clark and John L. Nunn, Defendants/Appellees.
 No. 90-3072.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1991.*
Decided Nov. 8, 1991.
 
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Michael Holsey is an inmate in the Indiana State Prison in Michigan City Indiana. He was working in a prison job when he was dismissed from his job on November 3, 1989. He filed this suit pro se under 42 U.S.C. § 1983 seeking reinstatement, back pay and compensatory damages alleging that his termination was a disciplinary measure taken without notice or a hearing in violation of his due process rights. The district court dismissed his case without prejudice.[1]
 
 FACTS
 
 2
 Mr. Holsey worked in the prison tag shop, making license plates. On November 3, 1989, a prison official fired Mr. Holsey. A written report issued regarding his termination cited Mr. Holsey's alleged violation of "D.O.C. # 151 Insolence, Vulgarity or Profanity." Mr. Holsey filed a complaint with the Prison Grievance Committee claiming that there was no factual basis for his termination and that the termination was accomplished in violation of his due process rights because it was a disciplinary action taken without notice or hearing.
 
 
 3
 The Grievance Committee recommended to the prison superintendent that Mr. Holsey be reinstated but its investigator noted that, "rule # 19 of the Tag Shop ... could have been listed ... without violating the offender's rights." The Superintendent rejected the Grievance Committee's recommendation noting that although the report of Mr. Holsey's termination cited a prison regulation it also cited reasons (insolence, vulgarity and profanity) that under the work rules of the Tag Shop, independent of the disciplinary regulation, would allow for his dismissal. Mr. Holsey appealed that determination to another prison official and filed this § 1983 action after his administrative appeal was denied.
 
 
 4
 In response, the defendants submitted a motion to dismiss and in the alternative a motion for summary judgment, arguing that Mr. Holsey had failed to assert a constitutionally protected interest and therefore failed to state a claim. In support of their motion, the defendants submitted a certified copy of the materials pertaining to its investigation of Mr. Holsey's termination but did not include any affidavits. The defendants also included a draft proposed findings of fact for the district court with their motion. In response to the defendants' motion, Mr. Holsey filed his own "Motion for Summary Judgment"; he attached his own proposed draft of a findings of fact memorandum, summarizing the events as he contended they occurred to the document he submitted to the district court.
 
 ANALYSIS
 
 5
 In order to invoke the protections of the due process clause, a litigant must first establish the existence of a liberty or property interest. Kellas v. Lane, 923 F.2d 492, 494 (7th Cir.1991); Smith v. Bd. of Educ., 853 F.2d 517, 520 (7th Cir.1988). A protectable interest may be created either by the Constitution itself or statutes or regulations containing binding directives that limit the enforcers discretion. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 463 (1989); Hewitt v. Helms, 459 U.S. 460 (1983). However, a prison regulation standing alone does not create a protectable interest. Mathews v. Fairman, 779 F.2d 409, 414 (7th Cir.1985). Furthermore, it is well-settled that prisoners do not have a constitutionally created property or liberty interest in retaining a particular prison job. Wallace v. Robinson, 940 F.2d 243, 247 (7th Cir.1991) (en banc); Harris v. Fleming, 839 F.2d 1232, 1237 n. 5 (7th Cir.1988).
 
 
 6
 Thus, Mr. Holsey must demonstrate that the Indiana Code or its implementing regulations bestow a liberty interest in retaining a specific prison job. The Indiana Code provides that prisoners may be required to work but does not use mandatory language that requires prisoners to be employed.[2] Ind.Code Ann. § 11-10-6-3(b)(2) (West 1990). Thus, the Indiana Code lacks the requisite mandatory language or sufficient substantive predicates that limit official discretion to invoke constitutional due process protection in obtaining or retaining a specific job. See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454 (1989).
 
 
 7
 However, Mr. Holsey does not argue that he has a protectable interest in retaining his job. Rather, he argues that his termination was disciplinary and therefore he holds a constitutionally protected right to a hearing before he may be subject to the "arbitrarily imposed ... sanction" of losing his tag shop job. This court recently rejected this argument in Wallace, 940 F.2d at 247-48. In Wallace, this Court examined an Illinois prison regulation that allowed prison officials to transfer an inmate to any job for almost any reason (excluded were Constitutionally prohibited reasons such as decisions based on race or religious beliefs). The Court concluded that the regulation was not the source of a liberty interest because, while a job transfer accomplished without a hearing could not be made for disciplinary reasons, "the remaing field of discretion" for a particular job placement was so broad that a prisoner could not have a legitimate claim of entitlement to a particular job placement. Id. at 248.
 
 
 8
 In the case at hand, Mr. Holsey fails to point to any Indiana statute or prison regulation that limits the official's discretion in transferring an inmate from any job. Indeed, the prison officials' own investigation indicated that Mr. Holsey could have been transferred for a variety of reasons other than discipline. While the loss of a prison job is a permissible disciplinary action, See Ind.Code. Ann. § 11-11-5-3(4), the loss of a prison job is not always a disciplinary action. Like the discretion afforded to Illinois prison officials, the field of reasons Indiana prison officials can invoke to support their decision to terminate a prisoner's job is virtually limitless.
 
 
 9
 Thus, Mr. Holsey has failed to establish a constitutionally protectable interest in retaining his prison tag shop job. Therefore, the district court's grant of summary judgment to the defendants is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Although the district court dismissed Mr. Holsey's case "without prejudice", it entered judgment pursuant to Rule 58. In addition, the district court permitted Mr. Holsey to proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915. Further, the district court's statements and actions indicate that it did not contemplate further proceedings in this action. Therefore, we can conclude that the district court's order was final and that the case is properly before this court on appeal. See Peters v. Welsh Dev. Agency, 920 F.2d 438, 440 (7th Cir.1990)
 
 
 [2]
 The relevant statutory provision provides, in part:
 (b) A confined offender may be required to:
 (2) work in a business, commercial, industrial, or agricultural enterprise operated by the department.