1 F.3d 468
 26 Fed.R.Serv.3d 39
 John W. STRASBURG and Eldercare Asset Protection Plans,
Inc., Plaintiffs-Appellants,
v.
STATE BAR OF WISCONSIN, Gerald C. Sternberg, John A. Boltz,
John E. Shannon, Edmund Manydeeds III, Jacqueline Bohman,
Wilbur W. Warren III, Michael Wherry, Michael Fauerbach,
Lisa Lotte Gameltoft, Patricia Grove, Robert J. Kay, Celia
Seraphim, and Diane Zore, Defendants-Appellees.
 No. 91-3860.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 25, 1993.
Decided July 9, 1993.
Rehearing and Suggestion for Rehearing En Banc Denied Aug.
12, 1993.*
 
 David J. Cannon (argued), Michael, Best & Friedrich, Milwaukee, WI, for plaintiffs-appellants.
 Warren D. Weinstein, Asst. Atty. Gen. (argued), Wisconsin Dept. of Justice, Madison, WI, for defendants-appellees.
 Before CUDAHY and FLAUM, Circuit Judges, and MIHM, Chief District Judge.**
 FLAUM, Circuit Judge.
 
 
 1
 The plaintiffs, John W. Strasburg and Eldercare Asset Protection Plans, Inc., filed suit against the State Bar of Wisconsin and thirteen members of the Board of Attorneys Professional Responsibility, alleging that the defendants attempted to prevent them from engaging in activities that non-lawyers could perform, contrary to the terms of Strasburg's two-year suspension from the practice of law. By filing an untimely notice of appeal from an adverse decision in the district court, and by refusing to refile once notified of their mistake, the plaintiffs entangled their appeal in a welter of jurisdictional problems. We now dismiss their appeal for want of jurisdiction.
 
 
 2
 On November 15, 1991, the district court granted summary judgment in favor of the defendants. The court determined that one of the defendants, Gerald C. Sternberg, was entitled to summary judgment because his actions were shrouded in "absolute quasi-judicial immunity," while the remaining defendants were entitled to the same result because they were not served with process within 120 days of the filing of the complaint. The district court issued an opinion and order, the latter providing as follows:
 
 
 3
 IT IS ORDERED that defendants' motion for summary judgment is GRANTED and this case is DISMISSED with prejudice with respect to defendant Gerald C. Sternberg, in his individual capacity, and without prejudice with respect to the remaining defendants. If plaintiffs believe they have viable claims against these defendants, they may have until December 15, 1991 in which to refile the action and accomplish service. If plaintiffs do not do so, the dismissal of the complaint against remaining defendants will be amended to be with prejudice, and final judgment will be entered in favor of all defendants.
 
 
 4
 Strasburg v. State Bar of Wisconsin, No. 91-C-018-C, slip op. at 18-19 (W.D.Wis. Nov. 15, 1991). The plaintiffs failed to refile and reserve the remaining defendants by December 15. Instead, on December 16, they filed a flurry of motions in the district court: (1) they moved for rehearing and reconsideration of the November 15 decision, and for leave to conduct additional discovery; (2) they moved to refile their complaint and asked the court to permit service on the remaining defendants; (3) they filed a notice of appeal from the November 15 decision.[1]
 
 
 5
 The district court responded on December 27, 1991, with an order denying all of the plaintiffs' motions. The court rejected the plaintiffs' arguments for vacating its earlier decision. It also commented that the motion to refile the complaint against the remaining defendants was too late; the plaintiffs had missed the December 15 deadline and, in any event, still had not accomplished service on the remaining defendants. The court therefore made good on its earlier threat, dismissing the complaint with respect to the other defendants with prejudice, and directing the clerk of the court to enter final judgment accordingly. On December 30, final judgment was entered pursuant to Federal Rule of Civil Procedure 58.
 
 
 6
 Because the plaintiffs appealed only from the November 15 order, both the district court and this court of appeals have repeatedly questioned the validity of their notice of appeal. In its December 27 decision, the district court stated that the notice of appeal from the November 15 order was a "nullity." The district court explained: "First, there is no final judgment (or its equivalent) from which to take an appeal. Second, even if there were such a judgment, a notice of appeal has no effect if it is filed before the disposition of substantive postjudgment motions." Strasburg v. State Bar of Wisconsin, No. 91-C-018-C, slip op. at 2 (N.D.Ill. Dec. 27, 1991). Despite this warning, the plaintiffs never filed a notice of appeal from the December 30 final judgment. On January 2, 1992, we indicated to the parties that "[a] preliminary review of the short record indicates that the order appealed from may not be a final judgment within the meaning of 28 U.S.C. Sec. 1291." Strasburg v. State Bar of Wisconsin, No. 91-3860 (7th Cir. Jan. 2, 1992). We directed the plaintiffs to file a brief memorandum by January 17, 1992, explaining why we should not dismiss the case for lack of jurisdiction. The plaintiffs never responded to our order. Indeed, their opening brief contains not a whit of argument on the question of jurisdiction, and their cursory jurisdictional statement does not even hint that beneath the surface of their appeal a serious problem lurks.
 
 
 7
 A notice of appeal must be filed within thirty days after the entry of judgment. See Fed.R.App.P. 4(a)(1). The purpose of this requirement is to provide certainty to litigants about when filing requirements for postjudgment motions and appeals begin to run. "Otherwise, a litigant is forced to guess or to do legal research as to whether a final decision has been rendered." Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 755 (7th Cir.1988). In this case, the entry of judgment did not occur until December 30, 1991, and the plaintiffs did not file a new notice of appeal thereafter. Ordinarily, the consequence of filing a premature notice of appeal is appellate dismissal. The Federal Rules of Appellate Procedure do, however, offer relief in limited instances from this harsh result. Rule 4(a)(2) provides:
 
 
 8
 Except as provided in (a)(4) of this Rule 4, a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the date thereof.
 
 
 9
 Fed.R.App.P. 4(a)(2).[2] The rule allows certain premature appeals to "relate forward" to the date of the entry of judgment, thus providing an exception to the strict requirements of Rule 4(a)(1).
 
 
 10
 The trouble with Rule 4(a)(2) is that it is imprecise--it does not tell us which announced decisions permit relation forward. The announced decision must bear some close relation to the final judgment, or else litigants would save themselves the trouble of determining which document is the final judgment, and simply appeal the first decision on any matter handed down by the district court. In the past, several circuits, including our own, ruled that only announcements of final decisions (defined as those decisions that "end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment," Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945) (citation omitted)) trigger Rule 4(a)(2). See United States v. Ettrick Wood Prods., Inc., 916 F.2d 1211, 1217 (7th Cir.1990); United States v. Hansen, 795 F.2d 35, 37-38 (7th Cir.1986); see also 9 James Wm. Moore et al., Moore's Federal Practice p 204.14, at 4-129 & n. 24 (2d ed. 1993) (stating that "Rule 4(a)(2) is clearly inapplicable" when "the appeal is not taken after the announcement of any final decision."). But cf. Harris v. Milwaukee County Circuit Court, 886 F.2d 982 (7th Cir.1989) (allowing relation forward from a post-dated judgment, despite the fact that it was not a final decision). In effect, these courts ruled that for a premature notice of appeal to relate forward, the decision it appeals must conclude the litigation completely, except for the essentially clerical step of entering judgment.
 
 
 11
 The leading case interpreting the rule is now FirsTier Mortgage Company v. Investors Mortgage Insurance Company, 498 U.S. 269, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991). According to the Supreme Court, the purpose of Rule 4(a)(2) is to protect from dismissal the unskilled litigant who files a notice of appeal from a decision that he "reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." Id. at 276, 111 S.Ct. at 652-53. In FirsTier, the district court announced from the bench that it was granting the defendant's motion for summary judgment. The court then requested the defendant to submit proposed findings of fact and conclusions of law to support the decision, and stated that it would allow the plaintiff the opportunity to respond to these proposals. The plaintiff, however, filed a notice of appeal without waiting for the district court to enter final judgment. The Supreme Court held that this notice of appeal could relate forward to the eventual entry of final judgment, thereby preserving the appeal.
 
 
 12
 The Supreme Court decided in FirsTier that the announced decision under Rule 4(a)(2) need not actually be a final decision, so long as it was reasonable for the would-be appellant to think that the case had ended. Presumably, the Supreme Court did not literally mean that the litigant must "reasonably but mistakenly believe[ ]" that the announced decision was a final judgment, because judgments have certain attributes (for example, "[e]very judgment must be set forth on a separate document," Fed.R.Civ.P. 58; see also Reytblatt v. Denton, 812 F.2d 1042, 1043-44 (7th Cir.1987) (other requirements)) that are not easily mistaken. Nor did the Court likely mean that the litigant must reasonably think that he is appealing a final decision, since surely it was not reasonable for the appellant in FirsTier to think that the litigation was over, when the district court's order expressly stated that the court would entertain further motions by the parties. Both "final judgment" and "final decision" are specialized terms probably unfamiliar to the unskilled litigant's ears.
 
 
 13
 Instead, FirsTier appears to save a notice of appeal filed after a decision when the litigant could reasonably believe that the outcome of the case is settled, even if the district court has ministerial duties left to complete. Other passages in the Supreme Court's opinion seemingly indicate as much:
 
 
 14
 In our view, Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment. In these instances, a litigant's confusion is understandable, and permitting the notice of appeal to become effective when judgment is entered does not catch the appellee by surprise.
 
 
 15
 FirsTier, 498 U.S. at 276, 111 S.Ct. at 653 (emphasis in original). A decision that would be appealable if immediately followed by the entry of judgment is one that effectively resolves all the claims, even if the litigation is not technically at an end. In certain situations, it may be debatable whether a ruling settles the outcome of the case. See Allan Ides, The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed, 143 F.R.D. 307, 313-16 (1993). But patently interlocutory decisions, such as discovery rulings or sanction orders, do not merit the saving provision of Rule 4(a)(2), see FirsTier, 498 U.S. at 276, 111 S.Ct. at 653, while dispositive rulings such as orders granting default judgments do, see Metropolitan Life Ins. Co. v. Estate of Cammon, 929 F.2d 1220, 1222 (7th Cir.1991). The central question is whether the district court has "announce[d] a decision purporting to dispose of all of [the litigant's] claims." FirsTier, 498 U.S. at 277, 111 S.Ct. at 653.[3]
 
 
 16
 In this case, the district court's November 15 order made clear that the outcome of the case was still open. The plaintiffs could not reasonably have thought that the result was settled: the order expressly conditioned the final disposition of the suit. In FirsTier, by contrast, "the fact remains that the bench ruling did announce a decision purporting to dispose of all of FirsTier's claims." Id. Whereas the district court in FirsTier had only ministerial functions left to complete after announcing summary judgment, the district court's order here notified the parties that they should expect further dispositive rulings by the court. The district court here could not have "set forth the judgment immediately following the bench ruling," id., because it had already provided thirty days for the plaintiffs to refile their complaint.
 
 
 17
 More importantly, FirsTier indicates that Rule 4(a)(2), at bottom, is concerned with saving litigants who make a good-faith effort to comply with the procedural rules for filing an appeal, but through inadvertence or ignorance run afoul of them. Even if the plaintiffs' initial belief as to the appealability of the November 15 order was reasonable when they filed their notice of appeal, their refusal to refile became unreasonable when they were expressly informed by the district court on December 27 that the November 15 order was not a final judgment and that their notice of appeal was a "nullity." We believe that a litigant seeking to take advantage of Rule 4(a)(2)'s saving provision must continue to be reasonably "confus[ed] as to the status of the litigation," id., until final judgment is actually entered. If the litigant becomes aware of the fact that the notice of appeal is invalid because no final judgment has yet been entered, then he or she has both the knowledge and the opportunity (for thirty more days) to correct the mistake. This rule makes sense in light of the fact that the notice of appeal does not relate forward and become effective until final judgment is entered, because up to that time there is nothing for the notice to relate forward to. In FirsTier, the appellants never knew that their initial notice of appeal was untimely. Here, once the plaintiffs were informed that their notice was a nullity, they only had to wait for the real final judgment to be entered three days later, and then file a new notice of appeal.[4]
 
 
 18
 We previously held, in a case decided prior to FirsTier, that Rule 4(a)(2) allowed a notice of appeal to relate forward from a district court order similar to this one. In Harris v. Milwaukee County Circuit Court, 886 F.2d 982 (7th Cir.1989), the district court denied a prisoner's request to proceed in forma pauperis. The district court stated: "Plaintiff shall have twenty (20) days from the receipt of this order to pay the required filing fee. If this deadline passes without the filing fee paid, this order will ripen into a final judgment of dismissal without further order." The prisoner filed a notice of appeal from the dismissal of the suit before the twenty days elapsed, and thus before the order became a final judgment. We held that under Rule 4(a)(2) the premature notice of appeal related forward to the day the order ripened into a final judgment.
 
 
 19
 We do not decide today whether Harris survives FirsTier. In any event, we believe that our decision in this case can peacefully coexist with Harris. There, the district court's statement that "this order will ripen into a final judgment of dismissal without further order" could easily have misled the appellant into thinking that the decision disposed of the case without further action by the court--that the outcome was already settled. The appellant in Harris never knew that his notice of appeal was premature. Here, contrastingly, the district court made clear that additional action to dispose of the case was still necessary, and later told the plaintiffs that their notice of appeal was ineffective. Their behavior in pursuing this appeal was thus unreasonable.
 
 
 20
 The appeal is DISMISSED for want of jurisdiction.
 
 
 
 *
 The Honorable John L. Coffey, Circuit Judge, did not participate in the consideration or decision of this case
 
 
 **
 The Honorable Michael M. Mihm, Chief Judge of the Central District of Illinois, sitting by designation
 
 
 [1]
 Both parties are under the misconception that the notice of appeal was filed on December 15, 1991. They were probably misled by the date typed onto the notice itself by the plaintiffs, which reads "December 15." The pertinent date of any filing, however, is not the date the litigant prepares the document, but the date it is filed in court. The clerk of the court stamped "4:15 p.m., December 16, 1991," on their notice, and we measure time from that day
 
 
 [2]
 The exception set out in Rule 4(a)(4) provides that certain postjudgment motions (namely, those filed under Rule 50(b), 52(b), or 59) toll the time for appeal and nullify any notice of appeal filed before their disposition. The district court believed that the plaintiffs' December 16 motions canceled their earlier notice of appeal, but all of those motions were filed more than ten days after the November 15 decision. They could not, therefore, have been filed under Rule 50(b), 52(b), or 59. Although it is often difficult to determine whether an unlabelled, postjudgment motion falls into one of the Rule 4(a)(4) categories, see generally Charles W. Adams, The Timing of Appeals Under Rule 4(a)(4) of the Federal Rules of Appellate Procedure, 123 F.R.D. 371 (1988), here it is clear that these motions had no effect on the validity of the notice of appeal from the November 15 order
 
 
 [3]
 This construction suggests an alternate reading of Rule 4(a)(2) that may better fit the Supreme Court's approach. On the alternate reading, the key terms to be contrasted in the rule are not decision and judgment, but announcement and entry. A decision permits relation forward if it announces a final judgment, i.e. forecasts the final outcome, even if that judgment has not yet been formally entered. On this reading, the decision and the judgment are assumed to be substantively similar
 
 
 [4]
 If the plaintiffs did not realize even then that their notice was untimely, they still had twenty-seven days after we informed them of the same fact to file a new notice