47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elius REED, Plaintiff-Appellant,
v.
LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCALS 227
AND 577, AFL-CIO, E.T. Simonds Construction
Company, et al., Defendants-Appellees.
 No. 93-1825.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1995.
Decided Feb. 10, 1995.[1]
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Elius Reed appeals from a district court order dismissing this race discrimination action without prejudice for want of prosecution, pursuant to Fed.R.Civ.P. 41(b).
 
 
 2
 In 1991, plaintiff filed a complaint against his union, alleging racial discrimination. On October 23, 1992, the district court filed a 19-page Memorandum and Order analyzing plaintiff's initial complaint and instructing plaintiff on how to amend his complaint properly, and ordering that the amended complaint must be filed by November 16, 1992. Plaintiff appealed from this order, and in an unpublished order dated January 25, 1993, we dismissed the appeal (No. 92-3744) as premature.
 
 
 3
 Plaintiff subsequently filed an amended complaint (47 pages long) against the defendants, his union and his former employer. On December 29, 1992, the district court granted defendants' motions to strike the complaint, and dismissed the action without prejudice. "The Court agrees with the defendant[s] that plaintiff's amended complaint is extraordinarily lengthy and contains considerable extraneous material--particularly in light of the Court's October 22, 1992 order. The Court, therefore, Grants the defendant's motion to strike the amended complaint. In order to simplify matters, the Court grants the plaintiff leave to refile," with specific directions as to what amendments need to be made. "The plaintiff is ordered to file this amended complaint on or before January 11, 1993." There was no mention of the consequences for failure to file an amended complaint by that date.[2]
 
 
 4
 Plaintiff neither filed an amended complaint nor requested an extension of time to do so. On March 10, 1993, the district court sua sponte dismissed the action without prejudice for want of prosecution pursuant to Fed.R.Civ.P. 41(b). Six days later, on March 16, 1993, plaintiff filed a "motion for a new trial." On March 25, 1993, the district court construed the motion for new trial as a motion to reconsider the March 10, 1993 order. The court found no grounds to reconsider its prior ruling and denied the motion, but again indicated that the dismissal was without prejudice.
 
 
 5
 On May 3, 1993, the district court filed an order denying the motion to reconsider the April 23, 1993 order. The order reads: "The plaintiff is attempting to appeal this court's dismissal of the plaintiff's lawsuit for want of prosecution. The dismissal was warranted in light of the fact that the plaintiff had not complied with prior court orders and, therefore, did not have a valid complaint on file. The court reminds the plaintiff that the action was dismissed without prejudice and therefore does not constitute an adjudication upon the merits."
 
 
 6
 Unless a final decision exists, we do not have jurisdiction to consider the appeal. 28 U.S.C. Sec. 1291. The dismissal without prejudice of an action for want of prosecution is generally not considered a final, appealable order. Farrand v. Lutheran Brotherhood, 993 F.2d 1253 (7th Cir.1993). However, when a district court imposes a condition, such as filing an amended complaint within a certain period of time, "[o]nce the time to satisfy the condition has expired, the order is 'final'...." Otis v. City of Chicago, 29 F.3d 1159, 1165 (7th Cir.1994) (en banc ).
 
 
 7
 In this case, the district court made it clear that further action was necessary, told him that his previous notices of appeal were ineffective because the action was dismissed without prejudice and therefore was not an adjudication on the merits. See Strasburg v. State Bar of Wisconsin, 1 F.3d 468, 473 (7th Cir.1993), cert. denied, 114 S.Ct. 698 (1994). Every order entered by the court indicates that it "contemplated further proceedings." Rosser v. Chrysler Corp., 864 F.2d 1299, 1304 (7th Cir.1988). In addition to the March 10, 1993 dismissal being "without" prejudice, both this court and the district court have informed plaintiff that an appeal should not be taken until a final decision is entered.
 
 
 8
 Nevertheless, we equate the series of district court orders, twice giving plaintiff deadlines to file a viable complaint, as a final decision that is the equivalent of a dismissal with prejudice, and thus permits our accepting jurisdiction. By waiting until time to satisfy the condition had run, plaintiff made it clear that he does not plan on filing an amended complaint, and that he will stand on his previously amended complaint. Under such circumstances, we think it best to address the merits of the dismissal for failure to prosecute order.
 
 
 9
 In reviewing the merits of the order, we find no reason to reverse. District courts may dismiss cases sua sponte for want of prosecution. Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); LeBeau v. Taco Bell, Inc., 892 F.2d 605, 607 (7th Cir.1989). We review orders dismissing litigation for want of prosecution for an abuse of discretion. Otis, 29 F.3d at 1168. Here, we find no abuse of discretion. The district court went out of its way to accommodate plaintiff in sorting through an enormous complaint filed with surplusage. The court showed great willingness to help plaintiff in this pro se action.
 
 
 10
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Plaintiff filed such a statement, but on full consideration we conclude that oral argument is not necessary. The appeal is submitted for decision on the briefs and the record
 
 
 [2]
 The order also stated:
 "[T]he Court agrees with the defendant that plaintiff's amended complaint is extraordinarily lengthy and contains considerable extraneous material--particularly in light of the Court's October 22, 1992, order. The Court, therefore, GRANTS, the plaintiff LEAVE TO REFILE an amended complaint that refers only to the claims still pending against Local 577 and E.T. Simonds Construction Company. In other words, all of the claims and factual allegations relating only to Local 227 and the International Union should be deleted from the complaint. The amended pleading also should omit any factual allegations that relate only to the Title VII claim against Local 577. The plaintiff's section 1981 claim against Local 577 must be based only on conduct occurring on or after December 23, 1989, and the fair representation claim should refer only to conduct occurring on or after June 23, 1991. Finally, the Court notes that the main purpose of the amended pleading is to add E.T. Simonds as a defendant. For purposes of simplicity, the plaintiff should state his claim against E.T. Simonds in a separate count and should limit his claim to only those factual allegations which relate to that defendant."