# United States Court of Appeals
## For the First Circuit

No. 18-1074

ROBERT ANEL DÍAZ-MORALES,

Plaintiff, Appellee,

v.

SERGIO RUBIO-PAREDES, Puerto Rico District Attorney; EMILIO
ARILL-GARCIA; LIMARIS CRUZ-VÉLEZ,

Defendants, Appellants,

JOHN DOE; CONJUGAL PARTNERSHIP DOE-CRUZ; UNKNOWN PUERTO RICO
POLICE RANKED SUPERVISORS AND OFFICERS A., B., AND C.; JANE DOE;
CONJUGAL PARTNERSHIP RUBIO-DOE; MARY DOE; CONJUGAL PARTNERSHIP
ARILL-DOE; UNKNOWN ASSISTANT DISTRICT ATTORNEYS D., E., AND F.,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Howard, Chief Judge,
and Barron, Circuit Judge.*

---

* Judge Torruella heard oral argument in this matter and participated in the semble, but he did not participate in the issuance of the panel's opinion in this case. The remaining two panelists therefore issued the opinion pursuant to 28 U.S.C. § 46(d).

Ángel E. Rotger-Sabat, with whom Ramón Coto-Ojeda and Coto & Associates were on brief, for the Appellee.

Carlos Lugo-Fiol, with whom Isaías Sánchez-Báez, Solicitor General of Puerto Rico, was on brief, for the Appellants.

May 10, 2021

**HOWARD**, **Chief Judge**.  Like Colón-Torres v. Negrón-Fernández, No. 18-1579 (1st. Cir May 10, 2021), which was also decided today, this case implicates a question about the scope of the automatic stay provision of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").  And, like Colón-Torres, this dispute arises from a settlement following a suit under 42 U.S.C. § 1983 against an officer of the Commonwealth of Puerto Rico sued in the officer's individual capacity.

In Colón-Torres, we confronted a plaintiff's effort to recover under the settlement, and we concluded that the enforcement action at issue must be stayed under PROMESA, even though the original suit was against the officer individually, because the plaintiff's motion to enforce the settlement was against the Commonwealth and sought payment directly from it pursuant to the settlement.  See Colón-Torres, slip op. at 17-21.  Here, however, the § 1983 claim itself has been dismissed with prejudice, and there is no pending action to enforce the settlement through an action against the Commonwealth or anyone else.  We thus conclude that the District Court was right to deny the Commonwealth's motions for reconsideration that are at issue, insofar as they may be construed as motions to apply PROMESA's automatic stay to either the now-dismissed § 1983 action or the as-yet-unenforced settlement agreement.

# I. BACKGROUND

Because the parties reached a settlement, we recite the facts underlying this case only briefly and draw them from the district court's opinions at the motion to dismiss and summary judgment stages.

## A. Factual Background

In November 2003, the plaintiff, Robert Anel Díaz-Morales, was convicted of murder and assault in connection with the October 2001 death of Kenia Rosario Viera. In May 2012, the Supreme Court of Puerto Rico vacated Díaz's conviction and sentence. Shortly thereafter, Díaz filed suit in the Federal District Court for the District of Puerto Rico for violations of his civil rights under 42 U.S.C. § 1983 against the Defendants: the law enforcement officer in charge of investigating the murder and the two district attorneys who prosecuted his case.

In particular, Díaz alleged that, during the course of the investigation, law enforcement officers, including Defendant Limaris Cruz-Vélez, were told by several witnesses that four other individuals, including the victim's former romantic partner, were responsible for the assault and murder. But Cruz and other officers were led to Díaz after tracking the victim's phone. Díaz was interviewed and eventually arrested and charged with murder. Díaz later alleged that he was only charged because Cruz conducted the investigation recklessly and with gross disregard for his

rights and protections under the Fourth and Fifth Amendments. Díaz also alleged that Defendant Sergio Rubio-Paredes, the lead district attorney in his case, not only charged and prosecuted him despite knowing that other suspects had been identified but also coerced witnesses to implicate Díaz. Díaz raised the same allegations, along with a claim for supervisory liability, against Defendant Emilio Arill-Garcia, Rubio's direct supervisor.

## B. Procedural History

In March 2016, the district court granted in part and denied in part the Defendants' motion for summary judgment. Though the district court concluded that Díaz had failed to provide any proof of a conspiracy between the Defendants, it allowed Díaz's claims for malicious prosecution to proceed against each defendant individually. The parties then began preparing for trial, which was scheduled to begin on January 23, 2017. On the eve of trial, the parties began settlement negotiations and, on February 3, 2017, Díaz notified the court that they had reached a settlement and that the case would be voluntarily dismissed.

The settlement agreement was filed under seal, and the district court dismissed the case with prejudice on February 6, 2017. In the judgment, the district court expressly stated that "[i]n accordance with the stipulation, the court will retain jurisdiction until the terms and conditions of [the settlement] are implemented and fully complied with." As relevant here, the

agreement specifically stated that the settlement amount would "be paid to . . . Robert Díaz-Morales by the Commonwealth of Puerto Rico" because "Defendants are beneficiaries of [Puerto Rico Law 9]." (emphasis added). The settlement ordered the payment to be made in installments, with the first installment due by December 31, 2017.

On May 3, 2017, before the first installment of the agreed settlement payments was due, the Financial Oversight and Management Board ("FOMB") filed a petition for bankruptcy relief on behalf of the Commonwealth under Title III of PROMESA. On September 4, 2017, the Puerto Rico Department of Justice, on behalf of the Defendants, filed an "informative motion" with the district court notifying it of the Title III petition; the motion did not ask the district court to take any action.

Nevertheless, Díaz filed a motion in opposition. He argued that the "automatic stay is not applicable to this case" and that "the judgment against the Defendants is enforceable." Specifically, he first contended that the complaint "was NOT against the Commonwealth nor was it on account of a debt of the Commonwealth" but instead "sought damages against the Defendants[] exclusively in their personal and individual capacity." He went on to assert that if the settlement were breached, the district court would retain jurisdiction to determine the proper course but that such a possibility remained "premature and speculative."

The district court granted Díaz's opposition without elaboration, and the Defendants sought reconsideration. They argued that "the stay bars [Díaz] from continuing his collection efforts against the Government through the instant Complaint," since the Commonwealth was the party "responsible for paying the amount agreed upon in the covenant." They devoted the bulk of their motion to the assertion that a claim against an officer of Puerto Rico in his individual capacity seeks to enforce a claim against the Commonwealth, then closed by arguing that "in all earnest, this discussion is moot given that there is a settlement agreement that disposed of the case at bar -- and that settlement unequivocally states that the Commonwealth will pay." Thus, the Defendants requested that the District Court "respect the automatic stay that is in effect."

The district court denied the motion for reconsideration, this time issuing an opinion. The district court reasoned that the Commonwealth was not a party to the suit or the judgment because the plaintiff had sought damages from the Defendants solely in their individual capacities. The district court also noted that at no point in the litigation was there a "cause of action alleged against the Commonwealth[] seeking payment or compensation of any kind" and that, because the Commonwealth had "consistently averred that in no way ha[d] it submitted to the [court's] jurisdiction," there was "nothing to be

stayed here." The Defendants filed a second motion for reconsideration, primarily to highlight additional case law, but the district court denied that motion as well.

The Defendants timely appealed both the initial denial of the motion and the denial of both motions for reconsideration.

## II. DISCUSSION

We typically review a district court's denial of reconsideration for abuse of discretion, but we will evaluate the denial of these motions de novo because they "cover[ ] . . . more or less the same points . . . earlier made to the district court." Town of Norwood v. New Eng. Power Co., 202 F.3d 408, 415 (1st Cir. 2000) (emphasis omitted). In undertaking that review, we treat the denials of these motions, as the parties do, as rulings that the PROMESA automatic stay does not apply in the face of a request to apply it to either the § 1983 suit itself or an action to enforce the settlement agreement. We thus consider the Commonwealth's appeal to be a challenge to the conclusion that the stay does not apply here because the § 1983 suit has been dismissed with prejudice and no action to enforce the settlement has yet been brought, such that, as the district court articulated, "there is nothing to be stayed." For the reasons that we will explain, we conclude that the district court was right.

In Colón-Torres, we concluded that the PROMESA stay applied to a motion the plaintiff had filed seeking payment from

the Commonwealth directly under a settlement agreement because we held that motion was an effort "to recover a claim against" the Commonwealth. Colón-Torres, slip op. at 20 (quoting 11 U.S.C. § 362(a)(1)). PROMESA, we explained, directly incorporates the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. §§ 362, 922, which, among other things, stay "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor . . . to recover a claim against the debtor." Id. § 362(a)(1).

In Colón-Torres, the parties disputed whether the Commonwealth was a party to the settlement, but the plaintiff-appellee had styled his motion to recoup the settlement monies as one against the Commonwealth rather than one against the individual defendant. For that reason, we held that his enforcement action must be stayed as it was an action "against the debtor." Colón-Torres, slip op. at 17-21.

Here, by contrast, even accepting that the text of the settlement agreement indicates that the Commonwealth is the liable party under it, there is no "action" or "proceeding" demanding that the Commonwealth make the payment to the plaintiff, and there has been no effort to "commence[]" or "continu[e]" one. 11 U.S.C. § 362(a)(1). Of course, at the time the motion for reconsideration was filed, there was some chance that the Commonwealth might refuse to comply with the terms of the agreement when the deadline for

payment arrived, and that the plaintiff might then ask the district court to enforce the obligation.[1]  Even so, Díaz was right to argue that possibility remained "premature and speculative" at the times relevant to this appeal.  Thus, we agree with the district court that "there is nothing to be stayed here" with respect to the enforcement of the settlement itself.

The appellant-Defendants do renew their contention that the complaint in the original § 1983 action "is functionally an action against the Commonwealth."  Regardless of whether they are right to so argue, cf. Colón-Torres, slip op. at 22-24, however, that action was not before the district court at the time they sought application of the stay.  Though this dispute has its genesis in that § 1983 suit, the complaint was dismissed with prejudice pursuant to the terms of the settlement agreement before the Commonwealth filed for bankruptcy.  Whether the "commencement" or "continuation" of that action should have been stayed pursuant to § 922 -- if it had still been live at the time of filing -- is not before us.

Of course, if Díaz does make any attempt to enforce the settlement here, Colón-Torres would likely bear on the question of

---

[1] The district court expressly retained jurisdiction to enforce the settlement agreement in its judgment dismissing the case.  Cf. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378, 381 (1994); Colón-Torres, slip op. at 15-16 (discussing the Commonwealth's challenge to the district court's jurisdiction to enforce the terms of the settlement agreement).

- 10 -

whether his claim could proceed. Because the Commonwealth is the only party that has expressly committed in the settlement to pay the agreed-upon amount, it may be that any future collection effort under the terms of that agreement would be against the Commonwealth. See Colón-Torres, slip op. at 22-24. And, any action to enforce the settlement in this case that "seeks to recover a claim against the debtor" must be stayed if it is brought. See 11 U.S.C. § 362. But, no such action is now pending, and the settlement agreement itself does not trigger the automatic stay. See Smith v. Capital One Bank (USA), N.A., 845 F.3d 256, 258-59, 261 n.4 (7th Cir. 2016) (holding automatic stay was not violated where credit card company received a judgment it may have been able to enforce against a debtor but had not tried to do so).

## III. CONCLUSION

For the foregoing reasons, we **affirm** the district court's order denying the application of the PROMESA stay.